## Hartley, Appellant *v.* Anderson.

150   391
41SC 447

[Marked to be reported.]

*Contract—Purchaser.for real estate—Commissions.*

Where a contract provided for payment for services in procuring a purchaser for real estate or effecting a sale, such services are not rendered by submitting a proposition from a party with whom the owners had been negotiating.

Argued May 9, 1892. Appeal, No. 79, July T., 1891, by plaintiff, from judgment of C. P. Bedford Co., April T., 1889, No. 135, on verdict for defendant. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for services in procuring purchaser for real estate.

The facts appear by the opinion of the Supreme Court.

The notice of Aug. 15, 1887, from plaintiff to defendant was as follows:

"In pursuance of your authority to me for that purpose dated July 15, 1887, I take this opportunity to inform you that I have this day received a proposition for the purchase of the Bedford Springs property and secured a purchaser for the same, in a written proposition from a reliable man, in my hands, upon the following terms: $20,000 in cash when agreement is drawn, $30,000 when deed is delivered, $200,000 to be secured by mortgage on property for any time that may be agreed upon, and to draw interest at 6 per cent per annum. I am led to believe that the offer is *bona fide,* and that if the terms do not suit, that no difficulty will arise as to that matter. I will be pleased to submit any information desired in order to speedily close the sale. Reply by bearer."

The next day defendants replied by letter: "We decline to negotiate further in the matter." The evidence showed that defendants were satisfied with the terms offered, and when they learned who the proposed purchaser was, a week after the offer was made, they were willing to take it, but the offer was then withdrawn. They subsequently sold to another party on the same terms.

The court, BAER, P. J., held that the agreement between plaintiff and defendants called for a cash offer, and directed a verdict for defendant.

Verdict and judgment for defendant, whereupon plaintiff appealed.

*Errors assigned* were to the binding instructions and to the construction of the agreement, quoting the language of the court.

*John M. Reynolds, George B. Orlady* with him, for appellant.—Plaintiff's efforts attracted purchasers, and, while they were negotiating, defendants took the matter into their own hands, and availed themselves of plaintiff's efforts to bring the property in the market. The language of Keys v. Johnson, 68 Pa. 44, applies as to the injustice of such a course.

A real estate broker's commissions are earned when he procures a buyer who will comply with the terms fixed by his principal: Pratt v. Patterson's Exrs., 112 Pa. 479; Clendenon v. Pancoast, 75 Pa. 213; Reed's Exrs. v. Reed, 82 Pa. 420; Edwards v. Goldsmith, 16 Pa. 43; Sweeney v. Oil & Gas Co., 130 Pa. 193; Stewart v. Mather, 32 Wis. 344; Hinds v. Henry, 7 Vroom N. J. L. 328; Moses v. Bierling, 31 N. Y. 462; Vinton v. Baldwin, 88 Ind. 105; Fischer v. Bell, 91 Ind. 243. Although he has not made a binding contract: Buckingham v. Harris, 10 Col. 455; Cassady v. Seeley, 69 Iowa, 509; McGavock v. Woodlief, 20 How. 221. Or the vendor refuses to sell: Doty v. Miller, 43 Barb. 529; Fisk v. Henarie, 13 Ore. 156; Monroe v. Snow, 23 N. E. R. 401; Bailey v. Chapman, 41 Mo. 537. Or is not able to sell: Hamlin v. Schulte, 34 Minn. 534. Or sells to another: Lane v. Albright, 49 Ind. 275. Or the sale fails by reason of the vendor insisting on a forfeiture clause which the purchaser declines: Beebe v. Ranger, 3 J. & S. N. Y. 452; Corning v. Calvert, 2 Hilt. 56.

Plaintiff was only required by the contract to find a purchaser at the price fixed, on terms which might be satisfactory to defendant: Millan & Abbott v. Porter, 31 Mo. Ap. 574. Until the demand for a cash payment was made, plaintiff was not limited to such payment: Ibid. As defendants did not refuse to consummate the sale on the ground that the consideration was not all cash or that the purchaser had not been named, they must be held to have waived that objection: Hayden v. Grillo, 35 Mo. Ap. 647· Duclos v. Cunningham, 102

N. Y. 678. Absolute refusal to complete the contract is a waiver of such conditions: Ibid. A refusal on other grounds, is a waiver of objection to the incapacity of a married woman, in an action for commissions: Sayre v. Wilson, 86 Ala. 151.

The evidence shows that the terms and the party offered were satisfactory, and defendant's refusal was only to save commissions.

*John Cessna*, for appellee.—Commissions are not earned until the minds of the buyer and seller are brought to an agreement on the price and terms of sale: Sibbald v. Bethlehem Iron Works, 83 N. Y. 382; Pratt v. Patterson, 7 Phila. 135; Brennan v. Perry, 7 Phila. 242; McGavock v. Woodlief, 20 How. 221; Earp v. Cummins, 54 Pa. 394; Cook v. Fiske, 12 Gray, 491, and cases cited by appellant. The broker must be the immediate efficient procuring cause of the contract: Green v. Mules, 100 E. C. L. 868; Moses v. Bierling, 31 N. Y. 462; Lloyd v. Mathews, 51 N. Y. 124; Journeay v. Tallman, 39 Conn. 259; Tombs v. Alexander, 101 Mass. 255; 31 N. Y. 462.

A reservation of a right to sell by the owner is unnecessary, as such right exists in the absence of its express waiver: Stewart v. Murray, 92 Ind. 543. The right to sell is not exclusive: McClave v. Paine, 4 Sickels, 561. For collection of authorities on all of the above points, see 2 A. & E. Ency. L. 582-7.

Appellant was not a broker and Keys v. Johnson, 68 Pa. 44, does not apply. Millan & Abbott v. Porter, 31 Mo. Ap. 574, was manifestly an employment by parol, without terms except price.

No time or opportunity was given to object to the offer or to inquire as to the proposed purchaser.

Opinion by Mr. Chief Justice Paxson, July 13, 1892.

Brokers are persons whose business it is to bring buyer and seller together. They need have nothing to do with the negotiation of the bargain: Inslee v. Jones, Brightly's N. P. Rep. 76. A broker becomes entitled to his commissions whenever he procures for his principal a party with whom he is satisfied, and who actually contracts for the purchase of the property at a price acceptable to the owner: Glentworth v. Luther, 21 Barb.

145. He must establish his employment as broker, either by previous authority, or by the acceptance of his agency and the adoption of his acts, and also must prove that his agency was the procuring cause of the sale; and when, being duly authorized to sell property at private sale, he has commenced a negotiation with a purchaser, the owner cannot, while such negotiation is pending, take it into his own hands and complete it either at or below the price first limited, and then refuse to pay the commissions: Chilton v. Butler, 1 E. D. Smith, 150. The foregoing is the law applicable to real estate brokers as stated by the late Justice SHARSWOOD in Keys v. Johnson, 68 Pa. 42.

The plaintiff is not a real estate broker, but claims to recover the sum of $5,000 as compensation for making a sale of the Bedford Springs property, to one L. B. Doty. He claims to have made such sale by virtue of an authority in writing, signed by the defendants, John Anderson and E. H. Anderson, the owners of the property. The writing referred to is as follows:

" We hereby authorize and empower William Hartley to sell the property known as the Bedford Mineral Springs, containing sixteen hundred acres, more or less, and situate in the township of Bedford, county of Bedford, and state of Pennsylvania, together with buildings and improvements, for the sum of two hundred and fifty thousand dollars; and in consideration of his services in procuring purchaser for same, or effecting said sale, we bind ourselves jointly and severally to pay said Hartley the sum of five thousand dollars, and agree to make and procure from all parties in interest a good and sufficient title to the purchaser thereof. This authority to hold good until the 15th day of August, 1887.

" Bedford Springs, July 15th, '87."

It is manifest the plaintiff could only bind the defendant by virtue of this paper by a strict compliance with its terms. He could not sell for a less sum than that named in the writing, nor could he exercise his authority to sell after the time limited therein had expired.

It appears that, on the evening of August 15, 1887, he gave a written notice to the defendants that he had that day "received a proposition for the purchase of the Bedford Springs property, and secured a *bona fide* purchaser for the same upon

is the following terms : $20,000 in cash when the agreement drawn; $30,000 in cash when the deed is delivered; $200,000 to be secured by mortgage on property at any time that may be agreed upon, and to draw interest at 6 per cent."

This offer was not accepted by the defendants, who, on the following day notified the plaintiff that they declined to negotiate further. They subsequently sold the property to other parties.

It will be noticed that the plaintiff did not pretend that he had made a sale of the property on August 15th. It was a mere proposition or offer in which the name of the purchaser was not disclosed. Had the defendants accepted the proposition upon the terms proposed, or had accepted the purchaser upon modified terms, it is possible, under the authority of Kees v. Johnson, supra, the plaintiff would have been entitled to recover. Be this as it may, it is clear from the evidence that he did not procure Mr. Doty, either as a purchaser or bidder. The evidence is uncontradicted that Mr. Doty had been in treaty for the property with the defendants themselves for several months prior to this transaction, at one time offering $300,000 and at another $250,000. The latter offer was made upon the same day as the proposition of the plaintiff, but varying somewhat in its terms. It appears that a Mr. Alexander, a telegraph operator at Bedford, had in some way become aware that Mr. Doty was in treaty for the property. Acting upon this information, he informed the plaintiff on Saturday morning, the 13th of August, that he could find a purchaser, without, however, according to the evidence, informing the plaintiff that Mr. Doty was the person. The plaintiff thereupon agreed with Alexander to allow him $1,000 out of the commissions for his services. This was upon a Saturday. Upon the following Monday evening the plaintiff made to the defendants the proposition referred to. The plaintiff alleged and so testified that at the time the proposition was made he had no knowledge that Doty was in treaty with the defendants. We must assume this to be so, at the. same time we regard it as a striking coincidence. It is not material whether or not he had such knowledge. Assuming that the defendants should have accepted the offer, it is clear the plaintiff did not bring them together. He rendered them no service by bringing

them a proposition from a man who had been negotiating with them since the preceding February. Hence, the good faith of the offer is immaterial and the want of it could harm no one but the plaintiff.

This view of the case renders it unnecessary to discuss the question, whether the defendants, under the terms of the agreement with plaintiff, would have been entitled to insist upon a cash offer. We are of opinion that the plaintiff had no case, and that it was not error to so instruct the jury.

Judgment affirmed.

[See, also, the following case.]