## S. J. Bliss *vs.* Benjamin Hoyt's Estate.

May Term, 1898.

Present: Ross, C. J., Taft, Rowell, Tyler, and Thompson, JJ.

*Contract Implied in Law—Contract Implied in Fact—Exception to Report —Province of Referee.*

The terms, *express contract*, and *contract implied in fact*, are used to indicate not a distinction in the principles of contract but a difference in the character of the evidence by which a simple contract is proved,—the source of the obligation in each case being the intention of the parties; while a *contract implied in law* is one created by the law regardless of and often against their intention.

To determine whether there is a contract implied in fact is the province of the jury or referee, as, in the present case, to find whether there was an implied promise on the part of the intestate to pay the plaintiff for board and services.

An exception to the referee's report based, in the county court, upon the ground that the referee should have reported the facts instead of his inference, does not entitle the excepting party to insist, in this court, that the evidence did not tend to support the finding.

APPEAL from probate. Heard on a referee's report and defendant's exceptions thereto, at the September Term, 1897, Franklin County, *Munson*, J., presiding. Exceptions overruled and judgment for the plaintiff. The defendant excepted.

The intestate and the plaintiff were brother and sister. In 1881 the brother went to live with the sister and so continued until his death in 1895. There was no express contract between them at any time relating to the board, care and services furnished and performed by the sister. No books of account, or charges or credits, were made or kept

between them, and nothing had ever been paid by the intestate by money or services or otherwise. June 1, 1892, the intestate suffered a shock of paralysis and thereafter he required and received special care and attention. The statute of limitations was conceded to have run upon all except the six years next preceding the intestate's death.

*Emmet McFeeters* and *Rustedt & Locklin* for the defendant.

The referee exceeded his authority in finding the promise by way of inference. V. S. 1438; *Johnson* v. *Porter*, 63 Vt. 653; *Briggs* v. *Briggs' Est.*, 46 Vt. 571; 7 Am. and Eng. Enc. 658; *Lawrence* v. *Wright*, 2 Duer. 673.

The relation of brother and sister rebuts the ordinary presumption, and requires explicit proof of a contract. *Fitch* v. *Peckham*, 16 Vt. 156; *Andrus* v. *Foster*, 17 Vt. 556; *Sawyer* v. *Hebard's*, 58 Vt. 375; *Hall* v. *Finch*, 29 Wis. 278; *Tyler* v. *Burrington*, 39 Wis. 376 and citations; *Manseau* v. *Mueller*, 45 Wis. 435; *Kearney* v. *McKeon*, 85 N. Y. 137; *Bundy* v. *Hyde*, 50 N. H. 116.

*Brigham & Start* for the plaintiff.

The finding is one of fact and is conclusive. *Park* v. *Pratt*, 38 Vt. 545; *Doane* v. *Doane*, 46 Vt. 485; *Briggs* v. *Briggs*, 46 Vt. 571; *Smith* v. *Brandon & Co.*, 52 Vt. 469; *Sawyer* v. *Hebard*, 58 Vt. 376; *Thayer* v. *R. R. Co.*, 60 Vt. 214; *Wilkinson* v. *Wilkinson*, 61 Vt. 409; *Westcott* v. *Westcott*, 69 Vt. 234; *Parkhurst* v. *Krellinger*, 69 Vt. 375.

THOMPSON, J. From all the evidence and circumstances in the case, the referee found there was an implied promise on the part of Benjamin Hoyt, the intestate, in his life, to pay the plaintiff for the board and services for which she seeks to recover in this action. To this finding, the defendant excepted in the court below on the ground that the referee should have found the facts and submitted them to the court to say whether, as a matter of law, they constituted an implied promise. This is the only exception taken to this finding of the referee, in the county court, and the only

exception thereto passed upon by that court. Hence, the only question for this court to decide is whether an implied contract is solely a question of law to be determined by the court on the facts found, or a question of fact to be determined by the trier from the evidence. The terms, *express contract* and *contract implied in fact*, are used to indicate not a distinction in the principles of contract, but a difference in the character of the evidence by which a simple contract is proved. The source of the obligation in each case is the intention of the parties. Keener on Quasi Cont. 5. A contract implied in fact is implied only in this, that it is to be inferred from the conduct, acts, or relation of the parties, instead of being inferred from their spoken words. *Johnson* v. *B. & M. R. R.*, 69 Vt. 524. Such a contract is a question of fact to be determined by the jury or referee, and not by the court.

The term, *contract implied in law*, denotes not the evidence by which a plaintiff's claim is established, but the source of the obligation. Keener on Quasi Cont. 5. It is a *quasi* contract, created by the law without the intent of the parties, and often against their intention. This is illustrated by the case of one receiving money paid him by mistake, or the case of one obtaining money fraudulently, in either of which cases, the law creates a promise on his part to pay the money to the party from whom it was obtained. In other word, the law in such a case treats the parties just as if there were a promise in fact to pay.

The case at bar does not involve a contract implied in law, but one implied in fact.

It has been argued that the evidence does not tend to support this finding of the referee, but no exception was taken to it on this ground, and this objection cannot be now made in this court.

> *Judgment affirmed and to be certified to the probate court.*