GEORGE S. BUTLER ET AL. *vs.* JOSEPH OUWELANT.

First Judicial District, Hartford, March Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

There is no occasion to correct a finding unless it appears that some material fact has been found without evidence, or some undisputed fact has been omitted.

A broker in whose hands real estate is placed for sale is entitled to his commission when he has procured a customer who is able, ready and willing to take the property on the terms offered by the owner.

The evidence in the present case reviewed and *held* to warrant the conclusion reached by the trial court, that the efforts of the plaintiffs were the procuring cause of the sale.

Argued March 10th—decided April 19th, 1916.

ACTION to recover for services as brokers in effecting a sale of the defendant's real estate, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiffs for $535, and appeal by the defendant. *No error.*

The following facts were found: In March, 1913, the defendant was the owner of a farm of about one hundred acres, upon which he lived and conducted a general farming business. The plaintiffs at this time and ever since have been real-estate brokers with an office in the city of Hartford. About March 1st, 1913, the defendant listed his farm with the plaintiffs, as such real-estate brokers, for sale. The contract between the parties regarding the sale was an oral one. The defendant's price for his property was $12,000. The plaintiffs were to receive a commission of $500 in the event of a sale. The plaintiffs advertised the farm in Hartford and New York newspapers, sublisted it with New York brokers, exhibited the place to prospective customers, and performed the usual services of real-estate brokers. The defendant, on different occasions, visited the plaintiffs' office inquiring as to the progress of their efforts in making a sale. During this period the plaintiffs did not have the exclusive right to sell the property, as the defendant had listed it with other brokers and agents for sale, which fact was known to the plaintiffs. In the spring of 1914, the defendant reduced the size of his farm, which was to be sold, fifteen acres. The price of the remaining eighty-five acres was to be $12,000. The plaintiffs'

commission was to remain the same as before the change was made in the size of the farm. The plaintiffs, following the directions of the defendant, readvertised the property as an eighty-five acre farm. On July 16th, 1914, Otto Jensen, a milk dealer of Hartford, called at the office of the plaintiffs in response to the plaintiffs' advertisement relating to this place, which had been inserted in the Hartford Courant. Jensen then made inquiries of the plaintiffs concerning the property. Butler informed Jensen as to the location of the farm and its price. Jensen told Butler that he knew in a general way of the location of this property. Butler at this time could not accompany Jensen to examine the place, and Jensen said he would go alone. Immediately thereafter Jensen and his wife went to the defendant's farm. The defendant, who at this time did not know that the plaintiffs had sent Jensen, refused to converse with him or show him the place because of some ill-feeling he had toward Jensen. The plaintiffs sent no notice to the defendant concerning this proposed call by Jensen. Jensen did not return to the plaintiffs' office nor communicate with them as to his visit, but he informed an intimate friend, Andrew Peterson, of his visit to the defendant's place, his purpose in going there, and who it was that sent him there. Peterson was not a real-estate broker. He was a milk dealer and farmer. Immediately after Jensen had given this information to Peterson, he, with full knowledge that the plaintiffs, as the defendant's agents, had interested Jensen in the property and had offered it to him for sale, went to the defendant, with whom he was well acquainted, and obtained from the defendant the promise of a commission of two per cent on the selling price of $12,000, if he found a customer for the farm. Immediately thereafter, Peterson and Jensen, without the plaintiffs' knowledge, made a visit to the defendant's

place and examined it. On July 25, 1914, Peterson and Jensen, without the plaintiffs' knowledge, met the defendant at the defendant's farm and Jensen agreed to purchase the property at $12,000, and gave the defendant a check for $100 upon the amount of the purchase price. The following day the parties executed a bond for a deed. Before the payment of the $100, Peterson and Jensen discussed the connection of Butler with the sale. No other services were rendered by the plaintiffs in the sale of the property except those just described. Shortly after July 27th, 1914, the defendant came to the plaintiffs' office, when Butler asked the defendant whether certain customers, and among them Jensen, had been out to his farm. The defendant then informed Butler that Jensen had agreed to buy the place. Butler notified the defendant that Jensen was the plaintiffs' customer and that they claimed a commission for the sale of the farm. On August 1st, 1914, both of the plaintiffs went to the defendant's house and told him of the facts and claimed their commission. On or about September 2d, 1914, the defendant executed a deed transferring his property to Jensen and on this day the defendant paid Peterson $240 commission for the sale of the farm. The defendant paid the smaller commission to Peterson with the full knowledge of the plaintiffs acting as his agent and with full knowledge of all the facts relating to Peterson's appearance in the transaction.

As a conclusion of law the court found that the plaintiffs were the procuring cause of the sale of the defendant's farm to Jensen.

*Edward T. Canfield*, for the appellant (defendant).

*Stanley W. Edwards*, for the appellees (plaintiffs).

RORABACK, J.   There, is no occasion to correct the finding.   An examination of the evidence, which is before us under § 797 of the General Statutes, does not disclose that any material fact has been found without evidence, or that any undisputed fact has been omitted from the finding.

To entitle the plaintiffs, as brokers, to the compensation which they claim to recover in this action, it should appear that they produced a person who was ready, able and willing, both to accept and live up to the terms offered by the defendant.   *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 42 Atl. 667; *Home Banking & Realty Co.* v. *Baum*, 85 Conn. 383, 82 Atl. 970; *Dworski* v. *Lowe*, 88 Conn. 555, 556, 558, 92 Atl. 112.

The conclusion of the trial court, that the plaintiffs were the procuring cause of the sale, appears to be a reasonable one.   It is conceded that the defendant employed the plaintiffs to find a purchaser for his farm. It appears that the plaintiffs had expended considerable time and money, with the knowledge and at the direction of the owner, in trying to sell his property.   It is also admitted that the customer, which the plaintiffs found, was able, ready and did purchase the defendant's property, at the price for which the plaintiffs were to sell it.   The trial court, from the facts found, might have fairly inferred that Jensen was ready and wanted to buy the defendant's property before he ever conversed with Peterson in relation to this matter.   Peterson's conduct was very suggestive of such a situation.   It appears that after obtaining full knowledge of the plaintiffs' efforts with Jensen, Peterson immediately went to the defendant and obtained a promise from him to pay a commission of two per cent on $12,000, if he obtained a purchaser for the farm.   *Lincoln* v. *McClatchie*, 36 Conn. 136, 142; *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 608, 42 Atl. 667.

It is a legitimate inference from the facts found, that Peterson and the defendant did not act in good faith with the plaintiffs. When Peterson approached the defendant to make a bargain for his property he well knew of the plaintiffs' relation to the defendant, and of the prospective purchaser's views as to the purchase of the property of the defendant. Taking advantage of the knowledge he obtained in this way he stepped in and completed the sale. It also appears that the defendant had knowledge of the plaintiffs' connection with the sale before the payment of the $100 by Jensen, on account of the purchase price of the farm. With full knowledge of the facts, without waiting for Peterson and the plaintiffs to adjust their conflicting claims as to the commission, he took his chances and voluntarily paid Peterson the $240, which Peterson claimed as his commission for selling the property. In this the defendant is fairly chargeable with combining with Peterson in an attempt to unjustly deprive the plaintiffs of their commission.

In *Jennings* v. *Trummer*, 52 Or. 149, 96 Pac. 874, 23 L. R. A. (N. S.) 164, a case where several independent brokers were employed, it was held that the broker entitled to the commission must produce a customer of his own, and not one who then sustains that relation to another of the brokers; that where a broker is first in negotiation with the customer he will continue to sustain that relation until it is expressly broken off, or the matter of the purchase has ceased to be held under consideration by the purchaser; and that the owner who, with knowledge of the facts, deals through one of the brokers with a customer procured by another broker, is liable to the latter for the agreed commission.

It is stated in *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 384: "If in the midst of negotiations instituted by the broker, and which were plainly and evidently

approaching success, the seller should revoke the authority of the broker, with the view of concluding the bargain without his aid, and avoiding the payment of commissions about to be earned, it might well be said that the due performance of his obligation by the broker was purposely prevented by the principal."

We cannot say that the facts found do not warrant the conclusion of the trial court that the plaintiffs procured the purchaser.

There is no error.

In this opinion the other judges concurred.