ALEXANDER MULLEN, Appellant, v. D. P. CRAWFORD, Appellee.

BROKERS: Compensation—Fraud of Principal—Evidence—Sufficiency. Evidence reviewed, and held insufficient to show that the principal, in order to avoid the payment of a commission, had fraudulently availed himself of the efforts of the broker.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

MARCH 12, 1918.

THIS is an action at law by a real estate agent to recover a commission for an alleged sale of real estate for the defendant. At the close of plaintiff's evidence, there was a directed verdict for the defendant. The plaintiff has appealed.—*Affirmed.*

*J. G. Myerly,* for appellant.

*M. E. Penquite* and *Miller & Wallingford,* for appellee.

EVANS, J.—The plaintiff is a real estate agent in Des Moines. The defendant was the owner of a farm of 120 acres in Polk County, which he had listed for sale with various agencies, including the plaintiff. The price at which the same was listed to the plaintiff was $150 an acre net to the defendant, and a commission of two per cent. Two or three months later, the defendant himself sold his farm to one Dora Raymond. The plaintiff does not claim that he produced this customer, but he does claim that there was certain collusion between the defendant and two or three other persons to bring about a sale of the defendant's land to one Efner, and that Efner was a customer of the plaintiff's. The facts relied upon by the plaintiff as showing such collusion or conspiracy are substantially as follows: He had learned that a certain 80-acre farm belonging to Efner, of Newton, was for sale, and he proposed to defendant, Crawford, that he would try to get a trade for him. He wrote to Efner. His only reply was a telephone message from A. H. Raymond, a real estate agent of Newton, to the effect that he was representing Efner. There was some talk of a proposed trade. Later, another telephone conversation was had with Raymond, whereby he transmitted an offer to trade the Efner 80 for the Crawford 120, and $2,000. This proposition being submitted to Crawford, it was rejected. This was in September, 1915. Later, in No-

vember, 1915, the defendant, Crawford, received an offer from Dora Raymond, wife of A. H. Raymond, of $145 an acre for his farm, and he accepted the offer. Some time later, through A. H. Raymond, Crawford also purchased the Efner farm, for $20,000. Still later, Raymond traded the Crawford farm to Efner for land in South Dakota. Still later, Efner traded the Crawford farm to Altemeyer, the deed therefor being later made from Dora Raymond to Altemeyer. The plaintiff used as his witnesses Dora Raymond, Efner, and Altemeyer. Their testimony discloses no collusion. There is a certain harmony to be found in the successive deals that was well calculated to excite the suspicion of the plaintiff. But this is somewhat accounted for by the fact that all the deals were brought about through Raymond. Altemeyer's testimony shows that he had talked with Raymond about buying the Crawford farm as early as November, 1915, although he did not actually obtain it until some weeks thereafter. Raymond's knowledge of Altemeyer's readiness to buy may have stimulated the purchase of the farm by his wife. There is no claim by plaintiff that Raymond owed him any duty, as subagent or otherwise. Whatever plans Raymond worked through, there is no evidence that would warrant a finding that the defendant had anything to do with them, or knew in advance what they were, except the mere fact that he sold to Raymond's wife his own farm, and that he afterwards bought the Efner farm. It appears affirmatively that all these parties were strangers to the plaintiff. Nor does it appear that the defendant had any previous acquaintance with any of them. There is no motive apparent why the defendant should enter into any conspiracy. If the plaintiff had furnished to the defendant a customer at $150 per acre net, it would have been clearly to the defendant's interest to accept it. He was not bound to accept from the plaintiff a customer at a lower price, although he was at liberty to accept a lower

price from another customer. Of course, if the plaintiff had presented a customer ready, able, and willing to buy upon the defendant's terms, then the defendant could not defeat the plaintiff's commission by accepting a smaller price from the purchaser. But such is not the case presented. The theory of the plaintiff is that Efner was his customer, and that the defendant, in effect, sold to him. The evidence is not sufficient to sustain a finding in support of such theory. The trial court, therefore, properly directed a verdict, and its judgment is—*Affirmed*.

PRESTON, C. J., LADD and SALINGER, JJ., concur.