HERBERT F. FISHER *vs.* OSCAR L. HANSON ET UX.

First Judicial District, Hartford, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

The purchase of a house by the customers of a real-estate broker in whose hands the property had been placed for sale, during the continuance of that relation and before they had ceased to consider its acquisition, entitles him to his commission as the procuring cause of the sale, although the owner, dealing thereafter directly with the purchasers, may have supplied a fresh or essential impetus to the negotiation by agreeing to sell for $500 less than the price he had given to the broker; and therefore an instruction to the jury which authorizes them to find a verdict for the defendant owner and against the plaintiff broker, if satisfied that the reduction in price brought about the sale, is inadequate, erroneous and prejudicial to the losing plaintiff.

Argued October 4th—decided November 17th, 1923.

ACTION by a real-estate broker to recover his commission for procuring a sale of the defendants' premises, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

*J. Harold Williams,* with whom was *Charles Welles.*
*Gross,* for the appellant (plaintiff).

*Reinhart L. Gideon* and *James E. Cannon,* for the ap-
pellees (defendants).

CURTIS, J. The question presented in 'this case is
whether the court erred in its charge to the jury in view
of the record as to the facts claimed to have been
proved by the parties.

The plaintiff offered evidence in support of the al-
legations of his complaint.

The defendants offered evidence to prove and claimed
to have proved the following facts: The defendant
Esther C. Hanson, the wife of the defendant Oscar L.
Hanson, in October, 1922, owned a house and lot in
West Hartford known as No. 51 Beverly Road, and
about two weeks before October 6th, 1922, Oscar L.
Hanson listed the property for sale with the plaintiff,
a real-estate broker. Hanson expressly provided that
no exclusive right of sale was given to Fisher and that
a sale by the owner would be without commission.
The selling price was stated to be $17,500.

Morris Tuch and Mrs. Tuch of Hartford were at that
time looking for a house to purchase, and on October
3d, 1922, Mrs. Tuch called up the plaintiff broker by
telephone as to a house for them to purchase; the plain-
tiff later called upon Mrs. Tuch at her home, and men-
tioned an Anderson house on Beverly Road and also'
No. 51 Beverly Road, and made an appointment to take
Mrs. Tuch on October 5th to see these two properties.
On October 5th the plaintiff took Mrs. Tuch in his car
to the Anderson house on Beverly Road, and Mrs. Tuch
walked alone to No. 51 and the plaintiff followed and
went through the house with her. The plaintiff then
took Mrs. Tuch to her husband's office in Hartford.

The plaintiff had no further dealings with Mrs. Tuch and never had any communications with Mr. Tuch. Mrs. Tuch and her husband later, on the same day, went to the premises No. 51 Beverly Road and went in the house. On coming out they met a Mr. Emmett, not a real-estate broker, who stated that he had the sale of the house. Mr. Emmett showed them through the house explaining its advantages, told them the purchase price, and made an appointment for Mr. Hanson to meet Mr. and Mrs. Tuch at eleven a. m. on Friday, October 6th, at the premises No. 51 Beverly Road. Mr. Emmett, the Tuches and Mr. Hanson met as arranged, and a sale was agreed upon for $17,000. The parties met on the same day at the office of the attorney of Mr. Tuch and a bond for a deed was duly executed. At this time Mr. Hanson was informed that the plaintiff had seen Mrs. Tuch on Wednesday, October 4th, and Mr. Hanson inquired of the attorney as to his liability to the plaintiff. The defendants paid Mr. Emmet a commission of $150, under an agreement which they had with him as to the size of his commission, and refused to pay the plaintiff.

Under this state of facts which the defendants offered evidence to prove, it appears that on Tuesday, October 3d, Mrs. Tuch called the plaintiff, a real-estate broker, by telephone, about houses which he had for sale; he called upon her at her home on Wednesday, October 4th, and told her of the defendants' house 51 Beverly Road, and on Thursday, October 5th, the plaintiff took Mrs. Tuch to Beverly Road in his car and she and he visited this house. By these occurrences the Tuches became, in contemplation of the law, his customers and possible purchasers of 51 Beverly Road.

The plaintiff claims that the court erred in charging the jury as follows, even under the facts which the defendants claimed to have proved: "The case after all,

gentlemen, so far as the performance of the contract is concerned, narrows down to a simple issue of fact. It is the undisputed testimony that when Emmett met the Tuches at the premises of the defendant, they had previously had their attention called to the premises by the plaintiff. The question is who was the procuring cause of the sale. If you find that the plaintiff, as he claims, had given the Tuches the terms and showed them the house and that Emmett did no more than that himself, that he gave no fresh impetus but simply made arrangements for the meeting of the parties at which time they came to the agreement, then the plaintiff is entitled to his commission. If you find, on the other hand, that something essential remained to be done, something without which the sale would not have gone through after the plaintiff had spent his efforts to bring the parties together, and that this essential impetus which brought about the sale was furnished by another and not by the plaintiff, then he cannot recover; the question, as I have said, being who, as a matter of fact, was the procuring cause of that sale. This, gentlemen, is the question that you have to decide."

Under this charge the jury would have been justified in believing that the mere fact that the defendants sold the property for $17,000, or $500 less than the purchase price which Mr. Hanson gave the plaintiff, entitled the defendants to a verdict, because the jury may have found that this reduction was an "essential impetus" supplied by the defendants which brought about the sale.

It is the law that if a broker directly or indirectly has brought a prospective customer procured by him in contact with the owner, and the owner within a short time personally or by another agent effects a sale at a reduced price to such customer of the broker, and the relation of the purchasers as customers of the broker had not

been expressly broken off, or the matter of the purchase ceased to be held under consideration by the purchasers before they entered into negotiations with the owners or another agent, then the purchasers are still the customers of the broker, and he is the procuring cause of the sale.

In *Butler* v. *Ouwelant*, 90 Conn. 439, 97 Atl. 310, we cited with approval the law as stated in *Jennings* v. *Trummer*, 52 Or. 149, 96 Pac. 874, 23 L. R. A. (N. S.) 164, to the following effect: Where a broker is first in negotiation with the customer he will continue to sustain that relation until it is expressly broken off, or the matter of the purchase has ceased to be held under consideration by the purchaser. See, also, *Lincoln* v. *McClatchie*, 36 Conn. 136.

In the portions of the charge objected to, the court practically leaves it for the jury to determine whether the plaintiff, Emmett, or Mr. Hanson, was the procuring cause of the sale, without adequate guidance as to the law in relation to dealing with a customer of a broker. It was not adequate guidance for the jury to direct them to search the evidence presented for a "fresh impetus" or an "essential impetus" to the bringing about of the sale, and to find that the person who gave such impetus was the procuring cause of the sale.

The court might properly have culled from the evidence the state of facts which, if proven, would make either the plaintiff, Emmett, or Hanson, the procuring cause of the sale, and directed the jury that if they found the facts proved, under which one or another of these persons would be the procuring cause of the sale, they should render a verdict accordingly.

In the portions of the charge objected to, the court makes it possible for the jury to find that the plaintiff was not the procuring cause of a sale to his own customers, with whom that relation had not been expressly

broken off, and who still had the matter of the purchase of the property in question under consideration.

The court should have charged the jury that if they found that the Tuches came into relation with the property as the plaintiff's customers, and the relation of broker and customer had not been expressly broken off between them, or the matter of the purchase of the property had not ceased to be held under consideration by the Tuches, before they dealt with Emmett or Hanson, the Tuches would continue to be the plaintiff's customers and a sale to them by the owners or their agent would be a sale procured by the plaintiff.

There is error and a new trial is ordered.

In this opinion the other judges concurred.