ROGERS & COLE *v.* COLE ET UX.

October Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 5, 1925.

*Brokers—Jury Question—Procuring Cause of Sale—When Broker Entitled to Agreed Commission.*

1. In action of contract to recover commission on sale of real estate, although no express agreement as to brokers' commission was shown, evidence *held* sufficient to make question for jury whether parties mutually understood fee was to be 5 per cent. of sale price, in which event such understanding would be contract implied in fact.

2. In such action, where defendants authorized plaintiffs, real estate

brokers, to sell farm for certain sum, but plaintiffs' evidence tended to show that no minimum price had been fixed by defendants, question whether contract bound defendants, to pay commission only in case customer was procured who would buy farm for price mentioned *held* for jury.

3. Where real estate brokers secured prospective purchaser and introduced him to defendants, who never terminated contract with plaintiffs, such brokers were procuring cause of sale though it was finally closed by defendants, and were entitled to commission in accordance with their contract.

4. Where contract of real estate brokers was not conditioned on their obtaining customer who would pay specified sum, and they procured customer to whom owners sold, fact that sale was for a less price than named to brokers does not preclude latter from recovery of commission on sale, rule being that broker has earned his commission when he has produced customer why buys property either on terms specified in contract of employment or others voluntarily accepted by owner.

○

ACTION OF CONTRACT to recover commission on sale of farm. Plea, general issue. Trial by jury at the March Term, 1925, Washington County, *Fish*, J., presiding. Verdict and judgment for plaintiffs. The defendants excepted. The opinion states the case. *Affirmed.*

*John W. Gordon* for the defendants.

*Davis & Conway* for the plaintiffs.

POWERS, J.    The plaintiffs, who are real estate brokers at Marshfield, bring this suit to recover a commission which they claim is due them on the sale of the defendants' farm situated in that town. Negotiations between the parties here relative to a sale of the farm on the basis of a five per cent. commission began early in 1922. The price of the property as then fixed by the defendants was $6,000. Later in the negotiations, the defendants reduced this price to $5,500; and finally they agreed to take $5,000 for the farm. Nothing came of the plaintiffs' effort to make a sale, until on December 5, 1923, Mr. Rogers, of the plaintiff firm, had an interview with Mr. Cole, one of the defendants, during which the latter authorized the plaintiffs to sell for

$5,000 if they could not get more. At this interview Cole asked Rogers what his commission for selling the farm would be, and the latter replied that it would be five per cent. Whereupon, the defendant remarked that that was "pretty steep" or that would be "making money pretty easy," or something to that effect. Nothing more was said about what the commission would be.

[1] The defendants insist that this was not enough to bind them to pay the commission specified, and that it was error to overrule their motion for a verdict based upon this defect in proof. But in the circumstances, this evidence was enough to warrant an inference that the defendant assented to this term of the arrangement. It was not necessary for him to give his express assent; it was not necessary for him to agree in express terms to pay a five per cent. commission on the sale. It was enough that the parties mutually understood that that was to be the fee, and the evidence was sufficient to go to the jury if it fairly and reasonably warranted an inference of such an understanding. The understanding would be the contract. Such contracts are termed "contracts implied in fact" and differ from so-called "express contracts" only in the character of the evidence by which they are proved—as this Court has repeatedly said. *Bliss* v. *Hoyt's Estate,* 70 Vt. 534, 41 Atl. 1026; *Morse* v. *Kenney,* 87 Vt. 445, 89 Atl. 865; *Underhill* v. *Rutland R. R. Co.,* 90 Vt. 462, 98 Atl. 1017; *Raymond* v. *Sheldon's Estate,* 92 Vt. 396, 104 Atl. 106; *Peters* v. *Poro's Estate,* 96 Vt. 95, 117 Atl. 244, 25 A. L. R. 615.

That the defendants realized and understood that they had made a binding contract to pay the plaintiffs a commission is shown by the undisputed testimony of Mr. and Mrs. Lewis, who finally bought the farm from the defendants themselves for $4,750, from which it appears that one or both of the defendants said at the time the sale was consummated that, if the plaintiffs did not make the sale, they, the defendants, would not have to pay the commission, and that they had as soon give the Lewises the commission as to give it to the plaintiffs—or that in substance.

[2] The defendants also say that the plaintiffs failed to show performance on their part because they did not show that their customer (Lewis) would pay the $5,000 named by the defendants as the price of the farm; and this was made a basis of

the defendants' motion. The defendants take the position that their contract with the plaintiffs bound them to pay the commission only in case the latter produced a customer who would buy the farm at $5,000. Such a contract might have been made by these parties. Such a contract was made by the parties in *Oben* v. *Ducharme*, 93 Vt. 211, 106 Atl. 777. But to say that the contract here in question is of that character is to ignore the plaintiffs' evidence. For their testimony tended to show that a minimum price was not fixed by the defendants in their contract of employment; that that contract was such that obtaining $5,000 for the farm was not a condition of it. The plaintiff Rogers testified in express terms that no special price was agreed upon. True it is that $5,000 was the lowest sum talked about by the defendants, but it does not necessarily follow, and so cannot be said as matter of law that this limit was fixed as a minimum the plaintiffs were to obtain for the property, or that securing it was made a condition of their undertaking. The question was for the jury, and the verdict confirms the plaintiffs' claim about it.

[3]    It fairly appears that the plaintiffs secured Lewis as a prospective customer, introduced him to the defendants, and that the negotiations for the farm thus begun continued clear up to the time the sale was consummated—a period of about sixty days. No claim is made that the defendants terminated or attempted to terminate their contract with the plaintiffs, or that the latter abandoned it. And the rule is that where a broker is first in negotiations with the customer, he will continue in that relation until it is expressly broken off, or the matter of the purchase has ceased to be held under consideration by the purchaser. *Jennings* v. *Trummer*, 52 Ore. 149, 96 Pac. 874, 23 L. R. A. (N. S.) 164, 132 A. S. R. 680; *Fisher* v. *Hanson*, 99 Conn. 703, 122 Atl. 906; *Butler* v. *Orwelant*, 90 Conn. 434, 97 Atl. 310. The evidence, therefore, tended to show that the plaintiffs were the procuring cause of the sale, though it was finally closed by the defendants themselves. In such cases, the broker is entitled to his commission. *Gelatt* v. *Ridge*, 117 Mo. 553, 23 S. W. 882, 38 A. S. R. 683; *Branch* v. *Moore*, 84 Ark. 462, 105 S. W. 1178, 120 A. S. R. 78; *Bowe* v. *Gage*, 127 Wis. 245, 106 N. W. 1074, 115 A. S. R. 1010; *Willard* v. *Wright*, 203 Mass. 406, 89 N. E. 559.

[4]    The plaintiffs' contract of employment not being con-

ditioned on their obtaining a customer who would pay $5,000, the mere fact that the defendants sold at a less price than they named to the plaintiffs does not preclude a recovery here.    Ordinarily, it is the business of a real estate agent to introduce to the owner a purchaser who is ready, willing, and able to buy at the price and on the terms specified in his contract of employment; but, by the great weight of authority, he has earned his commission when he has produced a customer who buys the property either on the terms so specified or others voluntarily accepted by the owner.    Among the many cases that so hold, the following are at hand:    *Spengler* v. *Somenberg,* 88 Ohio St. 192, 102 N. E. 737, 52 L. R. A. (N. S.) 510, Ann. Cas. 1914D, 1083; *Combs* v. *Langston Ins. Co.,* 100 Okla. 21, 227 Pac. 94; *Howard* v. *Street,* 125 Md. 289, 93 Atl. 923; *Carnes* v. *Finigan,* 198 Mass. 128, 84 N. E. 324; *Chilton* v. *Butler,* 1 E. D. Smith, 150; *Mullen* v. *Crawford,* 183 Iowa, 14, 166 N. W. 694; *Plant* v. *Thompson,* 42 Kan. 664, 22 Pac. 726, 16 A. S. R. 512; *Schlegal* v. *Allerton,* 65 Conn. 260, 32 Atl. 363; *Sullivan* v. *Milliken,* 113 Fed. 93; *Henry* v. *Stewart,* 185 Ill. 448, 57 N. E. 190; *Hartley* v. *Anderson,* 150 Pa. 391, 24 Atl. 675; *Hafner* v. *Herron,* 165 Ill. 242, 46 N. E. 211; *Stuart* v. *Valson,* 249 Mass. 149, 143 N. E. 815; *Fisher* v. *Hanson,* 99 Conn. 703, 122 Atl. 906; *Hoadley* v. *Savings Bank,* 71 Conn. 599, 42 Atl. 667, 44 L. R. A. 321, and note.

*Judgment affirmed.*