MATTHEW J. GALLAGHER *vs.* CONRAD J. PARIS.

MARCH 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an acton to recover a broker's commission for the sale of defendant's house. In the district court the decision was for the plaintiff. On a claim

for jury trial in the Superior Court the verdict was for the defendant. The case is here on plaintiff's exceptions to the admission of certain evidence, to the refusal to charge the jury as requested and to grant plaintiff a new trial.

The evidence tends to prove the following facts: Defendant, a contractor, was the owner of two houses on Cleveland street in Pawtucket He placed these houses for sale in the hands of plaintiff's agent, Mr. McCoy, and also listed the property for sale with other brokers. The original price asked for each house was $9,000. One of the houses was sold. Thereafter defendant met McCoy and told him he was anxious to sell the other house and that he should not let one or two hundred dollars stand in the way of a sale.

In August, 1930, Mr. and Mrs. Nolan of Boston, Massachusetts, desired to buy a home in Pawtucket for immediate occupation. They went to Mr. McCoy and at their request he showed them several unoccupied houses including that of the defendant. Having examined defendant's house thoroughly, they made an appointment with Mr. McCoy for the following Saturday. Another examination was then made by the parties accompanied by Mrs. Nolan's father. The Nolans then wanted to know the best price at which the property could be bought. McCoy thereupon went to defendant's residence which was near-by and discussed the situation with him. McCoy testifies that he told defendant the prospective purchaser was a Mr. Nolan from Boston, that he asked defendant to go to the other house and meet him but that defendant refused because he was wearing his working clothes. Defendant gave his best price to McCoy as $8,700 and agreed to accept a part of the payment in the form of a mortgage. McCoy returned to the Nolans, reported the conversation with defendant and arranged to meet them later that afternoon or on the following Monday morning. Later the same afternoon the Nolans visited another real estate agent, a Mr. Boyle, to see if the property could be bought for less than the price quoted by McCoy. This property previously had been listed by defendant with

Boyle for $8,500. Boyle at once interviewed the defendant and as a result it was agreed that the property should be sold by the agency of Boyle for $8,500. The Nolans had never met Boyle until Saturday night, nor did they at any time see the premises in his company or at his suggestion. The same evening Boyle made a deposit of $50 with defendant by his personal check to bind the sale. On the following Monday morning the deed was executed and the sale to Nolan was completed in Boyle's office. The defendant says that not until after the deed had been delivered did he learn that the purchaser was the same person who had been negotiating with Mr. McCoy. Defendant says that before making the agreement to sell he told Boyle another prospective purchaser had been inquiring about the property and that Boyle refused to give him the name of his prospective purchaser.

There is some contradiction in the testimony of McCoy and the defendant which required the submission of the case to the jury. Certain facts are evident. The purchaser was the person to whom McCoy had shown the premises and with whom—with the consent of the owner—negotiations for the sale were being conducted. Boyle knew the facts but was indifferent to McCoy's rights in the circumstances; he intended to make the sale and secure his commission before McCoy had an opportunity to complete the sale. The suspicion is strong and justifiable that defendant had reason to believe that Boyle's undisclosed principal was the same person of whom McCoy had spoken a few hours earlier. Having authorized McCoy to continue negotiations, defendant was bound to exercise good faith with this agent who was acting under his instructions. Defendant attempts to defend his conduct on the ground that McCoy's client had refused the terms on which he offered to take the mortgage. This excuse looks like an afterthought. The case seems to have been tried on the theory that the contest was principally one between the two brokers for a commission.

The defendant against the objection of plaintiff was permitted to prove the payment of the commission to Boyle. In many instances such evidence has been admitted without objection. But it was irrelevant to the issue in the case at bar and in the circumstances probably was highly prejudicial to the plaintiff. The exception to the admission of this evidence is sustained.

The plaintiff's first request to charge is as follows: "It is the duty of a principal to remain neutral between brokers and not to interfere in favor of one broker." The meaning and the relevancy of this request in the circumstances is apparent, and we can see no reason why the request should not have been granted. The plaintiff's purpose was to have the attention of the jury directed to an important issue. The refusal to charge as requested was erroneous and this exception is sustained.

.The second request to charge which was denied is as follows: "When a broker is the procuring cause of the sale he is entitled to his commission although the transaction is concluded on different terms by another broker."

In *Peckham* v. *Ashhurst*, 18 R. I. 376, it was decided that in the absence of a special contract the production of a purchaser able and willing to purchase on terms satisfactory to the seller entitled a broker to his commission. If the plaintiff called the attention of the purchaser to the property and exhibited it to him, and his efforts resulted in the sale, it must be presumed that the sale was effected by the plaintiff's efforts—*Gross* v. *Tillinghast*, 35 R. I. 298—and it is immaterial that the property was sold for a higher or a lower price than that offered to plaintiff by the purchaser, or that a commission was paid to another broker. The seller is not at liberty to receive the benefit of a broker's productive efforts and refuse to pay him his commission. *McCarthy* v. *McCarthy*, 49 R. I. 200; *Fisher* v. *Hanson*, 99 Conn. 703. On the evidence in support of his case plaintiff was entitled to have his second request to charge granted.

His exception to the refusal to so charge the jury is sustained. As a new trial must be had, it is unnecessary to consider the other exception.

The case is ordered to be remitted to the Superior Court for a new trial.

*Thomas P. Corcoran, Charles E. Mangan,* for plaintiff.

*Francis R. Foley,* for defendant.

