171 P.2d 647

### WILSON v. SEWELL.

No. 4928.

Supreme Court of New Mexico.

July 31, 1946.

A. J. Krehbiel, of Clayton, for appellant.

O. P. Easterwood, of Clayton, for appellee.

LUJAN, Justice.

Plaintiff (appellee) brought this action against defendant (appellant) on an oral contract. Appellee alleged that he was retained by appellant as a commission agent to sell or to procure a buyer for a ranch belonging to appellant; that he found a purchaser, a sale was made, but that appellant refused to pay the agreed commission of $2,000.

It is the contention of appellee that appellant listed with him, a broker, for sale or the procurement of a purchaser, a certain ranch, for a consideration of $45,000, agreeing to pay $2,000 as broker's commis-sion if appellee either sold or procured a buyer for the ranch at the price aforesaid. He further contends that he did procure a purchaser and that appellant sold the ranch to him at a reduced price. Appellant claims appellee never performed the contract on his part and hence did not earn the agreed commission; that he was not the procuring cause of the sale, and that the contract was a special one for the payment of $2,000 only in the event appellee sold the ranch for $45,000.

The case was tried by the court without a jury and judgment was entered in favor of appellee for the sum of $2,000, together with interest thereon from date and costs. Appellant, seemingly not satisfied with the judgment, prosecutes this appeal.

The trial court made the following findings of fact and conclusions of law, and denied those requested by the parties which were in conflict therewith:

"1. That the plaintiff is a resident of Amarillo, Texas, and that the defendant is a resident of the State of New Mexico.

"2. That heretofore, in the month of February, 1944, the defendant listed with the plaintiff at Amarillo, Texas, a certain ranch in Union County, New Mexico, then owned by the defendant and consisting of approximately 17 sections of deeded and leased land, and then agreeing to pay a commission of $2,000.00 for his services in the sale of said land.

"3. That plaintiff has never held a realtor's license in the State of New Mexico, but continuously for a considerable number of years, and now is, a licensed realtor in the State of Texas.

"4. That shortly after the listing of said land with the plaintiff by the defendant, the plaintiff found a purchaser for said land, one Rufus Wright, who purchased same for his son Ralph Wright.

"5. That plaintiff was the procuring cause of the sale of said land by the defendant to the said Rufus Wright, for his son Ralph Wright, and that by reason thereof he is entitled to a commission $2000.00."

The court concluded as a matter of law that the plaintiff is entitled to judgment against the defendant for the sum of $2,-000, with interest thereon from date until paid, at the rate of 6% per annum.

Appellant, in this court, for the first time challenges the sufficiency of the complaint to state a cause of action, and also contends that there is a fatal variance between the theory of the case pleaded and litigated upon trial and that adopted by the court.

If this contention were true, no advantage was taken of it before the trial court. Appellant having answered and gone to trial on the complaint, and all questions necessary to a complete determination of this cause having been litigated, and upon such issues evidence having been introduced by both parties, and no objection to evidence made on account of a defective complaint, the district court and this court will treat the same as sufficiently amended to support the judgment. Springer v. Wasson, 25 N.M. 379, 183 P. 398; State Bank of Commerce v. Western Union Telegraph Co., 19 N.M. 211, 222, 142 P. 156, L.R.A.1915A, 120.

While the complaint is not one to be recommended as a precedent to be hereafter followed, nevertheless, in view of the fact that no objection, either as to its form or substance was made in the court below, we are of the opinion that it is sufficient to support the judgment based upon it. It is true that the objection that the complaint does not state a cause of action may be successfully made for the first time on appeal, but the appellate court will not be over zealous to find a defect in the complaint that the appellant himself failed to discover until the case had been decided against him on its merits. We think the defects in the complaint, as well as the variance complained of, are no longer available to appellant since he permitted evidence which supports an amendment after judgment to go in without pointing out the defects now challenged. In Western Union Telegraph Company v. Longwill, 5 N.M. 308, 21 P. 339, 340, we said: "* * *

We think it sufficient to say that there appears to have been no demurrer, either general or special, to the declaration. Nor was there any objection made to the introduction of evidence, because there was no averment in the declaration under which evidence of plaintiff's damages could be received. While the statement in the declaration is in very general terms, it will be deemed good after verdict and judgment, when left unchallenged by the ordinary modes of reaching a formal insufficiency or uncertainty."

■ Applying the foregoing principles we hold that the complaint was sufficient to support the judgment.

It is next contended by appellant that a broker is not entitled to his commission on a sale unless and until he produces a buyer ready, able, and willing to buy the property on the terms fixed by the principal; and that the mere calling attention to land as being for sale does not constitute broker the procuring cause of a sale which results from negotiations between landowner and the ultimate purchaser.

■ To entitle a real estate broker to compensation, it is sufficient that a sale is effected through his agency as its procuring cause, and if his introduction of the purchaser is the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned, although the broker does not negotiate and is not present at the sale. Williams v. Engler, 46 N.M. 454, 131 P.2d 267.

■ The question of "procuring cause" was one of fact. See Wood v. Smith, 162 Mich. 334, 127 N.W. 277. In Walker's Real Estate Agency, 2d Ed., 1922, Sec. 446, it is stated: "The agent who is the procuring cause of this sale is entitled to commission," the author citing many jurisdictions, including New Mexico. In the syllabus prepared by us to Jackson v. Brower, 22 N.M. 615, 167 P. 6, we defined "Procuring Cause" as follows: "A real estate agent is the procuring cause of a sale or trade of real estate placed in his hands for sale or trade, when the sale is traced to his introduction of the purchaser to the owner or principal."

■ Appellant claims that it was incumbent upon appellee to allege and prove that the purchaser procured by him was ready, able, and willing to pay for the property. It is true that in cases where the agent had produced a purchaser to whom the owner refused to sell, in order for him to recover, it is uniformly held that he must allege and show that the purchaser so tendered by the agent was ready, able, and willing to consummate the purchase at the price named. In Williams v. Engler, supra [46 N.M. 454, 131 P.2d 269],—this court remarked: "This case presents no circumstances which would vary the general and

quite universal rule that the broker has earned, and is entitled to, his commission, under the character of agreement here relied upon, when he has procured a purchaser who either consummates the purchase, or who is ready, able and willing to do so upon the terms given to the agent by the owner." Also see Pugh v. Dollahan, 49 N.M. 213, 160 P.2d 951.

■ But in the case at bar, we think appellant cannot be heard to complain of the failure of the appellee to show that the purchaser was ready, able, and willing to pay for the property, in view of the fact that appellant accepted the purchaser introduced to him by appellee and within two or three days thereafter made the sale himself for cash at a reduced price.

■ Nor is the owner to escape liability by himself taking over the negotiations and selling at a price agreeable to him yet below that at which he listed the property with the agent. In Plant v. Thompson, 42 Kan. 664, 22 P. 726, 727, 16 Am.St.Rep. 512, the Supreme Court of Kansas, in regard to this very question, said: "The defendants will not be allowed to take advantage of their introduction to the purchaser by plaintiffs, and reap the benefits of the sale made to him in consequence, and then escape all liability of paying them their commission because they sold the land for a sum less than the price given their agents, where the reduction was made of their own accord." Cf. Pugh v. Dollahan, supra.

For other cases holding to the same effect, see Schlegal v. Allerton, 65 Conn. 260, 32 A. 363; Shelton v. Lundin, 45 Ind.App. 172, 90 N.E. 387; Minks v. Clark, 70 Colo. 323, 201 P. 45; Meagher v. Reeney, 96 Conn. 116, 113 A. 169; Rogers & Cole v. Cole et ux., 99 Vt. 239, 131 A. 12; and Talbott v. Treacy, 213 Ky. 8, 280 S.W. 153.

We take it as an admitted fact in this case that the property was listed with appellee as agent for sale at $45,000. The owner, conducting his own negotiations with purchaser, ignoring the agent and having no further communication with him, chose to sell at a lesser price than that at which he had listed the property with the agent. Liability to the agent, under the circumstances here present, is not to be so lightly brushed aside. The authorities cited sustain the agent's right to recover.

Finding no error, the judgment will be affirmed and the cause remanded, with direction to the District Court to enter judgment against appellant and his supersedeas surety. It is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and HUDSPETH, JJ., concur.