Beeman v. Nesbitt, No. 503-11-03 Wmcv  (Carroll, J., Apr. 28, 2004)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


**STATE OF VERMONT**
**WINDHAM COUNTY, SS.**

**EMILY BEEMAN,**
              **Plaintiff,**
**v.**                                          **WINDHAM SUPERIOR COURT**
                                                **DOCKET NO. 503-11-03 Wmcv**

**MEGHAN B. NESBITT,**
              **Defendant.**


### ORDERS ON DEFENDANT'S MOTION TO DISMISS COUNTS II & III
### and PLAINTIFF'S MOTION TO AMEND


        After sharing their homes and lives for twenty years, the parties have now separated.  In this action, Plaintiff seeks partition of property in Vermont held jointly by the parties (Count I); reimbursement of payments she made for the mortgage and maintenance of property in Connecticut held by Defendant alone, under a quasi-contract theory of unjust enrichment (Count II); and an equitable portion of the property in Connecticut held by Defendant alone, based on an implied agreement between the parties to share their assets (Count III).

        Currently pending is Defendant's motion to dismiss Counts II and III for failure to state a claim.  See V.R.C.P. 12(b)(6).  A motion to dismiss for failure to state a claim may only be granted if it is beyond doubt that there exist no facts or circumstances that would entitle plaintiff to the relief she seeks.  Richards v. Town of Norwich, 169 Vt. 44, 48-49 (1999).  Moreover, in

reviewing the motion, the court assumes that all factual allegations in the complaint are true, and accepts all reasonable inferences that may be derived therefrom. Id. Viewing the complaint in this manner, the court cannot say that it is beyond doubt that there are no facts or circumstances that could entitle Plaintiff to the reimbursement she seeks in Count II. With respect to Count III, the court concludes that public policy would not preclude the enforcement of an otherwise enforceable implied contract between unmarried cohabitants to share their assets. Plaintiff would have to point to conduct and circumstances from which an actual, though unexpressed, agreement to share can be implied; and this may not be easy to do. On the basis of the complaint, however, the court cannot say that it is beyond doubt that she cannot do so. Accordingly, Defendant's motion to dismiss is **DENIED.**

Also pending is Plaintiff's motion to add more allegations to her Count II if necessary to withstand dismissal. Since it is not necessary, this motion to amend will be **DISMISSED AS MOOT**.

**Count II – Unjust Enrichment**

"Under a quasi-contract theory of unjust enrichment, the law implies a promise to pay when a party receives a benefit and retention of the benefit would be inequitable." Brookside Memorials, Inc. v. Barre City, 167 Vt. 558, 559 (1997). "[T]he inquiry is whether, in light of the totality of the circumstances, equity and good conscience demand that the defendant return that which the plaintiff seeks to recover. Legault v. Legault, 142 Vt. 525, 531 (1983) (whether there has been unjust enrichment must be realistic determination based on broad view of human setting involved)." Id. At 560.

Here, Plaintiff alleges that during the last three years of the parties' relationship, Plaintiff and the children were living elsewhere while Defendant was living at her property in Connecticut – property purchased during the relationship but deeded to Defendant alone. Defendant was disabled due to alcoholism and unable to pay her bills during this period, and Plaintiff paid the mortgage and other maintenance costs on Defendant's Connecticut property out of her own funds. Thus, Plaintiff conferred and Defendant accepted a benefit, and it not beyond doubt that Plaintiff cannot show it would be inequitable for Defendant to retain that benefit.

According to Defendant, Plaintiff's failure to allege facts showing that the parties contemplated reimbursement when the payments were made is fatal to her claim. Defendant's position is without merit, however, because it confuses (understandably) two distinct types of implied contracts – a distinction which can be clarified by comparing the claims in Count II and Count III. Count II is based on an "implied in law" quasi-contract: In this count, Plaintiff is not saying that there was an actual agreement that she would be repaid, but instead that the law should impose an agreement to repay, as a fiction, to avoid inequity. See, e.g., Eddy v. Watson, 141 Vt. 577, 579 (1982). Count III, on the other hand, asserts a contract "implied in fact": In that count, Plaintiff is saying that there really was a meeting of the minds in which the parties agreed to share their assets, even though that agreement was not expressed in words. See Underhill v. Rutland R. Co., 90 Vt. 462, 475 (1916); Bliss v. Hoyt's Estate, 70 Vt. 534, 536 (1898).

Thus, in an implied-in-law or quasi-contract cause of action like Count II, the parties' intent or expectations at the time the benefit was conferred and accepted, though perhaps relevant to the analysis of what equity demands in the situation, is not determinative. In

Brookside, for example, neither party expected the plaintiff would be repaid for the benefit because they both, due to a mutual mistake of fact, thought Plaintiff owed Defendant the money. Nonetheless, the Court looked at the totality of the circumstances, particularly the fact that the defendant was in a better position to know of the mistake than the plaintiff, and ruled that equity demanded repayment. 167 Vt. at 560.

The court therefore concludes that it is too soon to say that Plaintiff cannot present facts and circumstances which, in light of the totality of the circumstances and based on a broad view of the human setting involved, might convince the court that equity demands repayment.

**Count III – Implied Contract to Share Assets**

The Supreme Court of Connecticut has recognized that even though cohabitation alone does not create any contractual rights, those who cohabit without legal sanction can contract, explicitly or implicitly, to share assets. See Boland v. Catalano, 521 A.2d 142, 145 (1987) ("Ordinary contract principles are not suspended . . . for unmarried persons living together.") Moreover, the Court in Boland went on to hold that if such a contract were found to exist, its enforcement would not violate public policy. Id. at 146-47. The parties have not briefed whether Connecticut or Vermont law would apply. The court does not believe Vermont law would differ from that of Connecticut, however, for at least two reasons. First, Connecticut's decision reflects the "decided trend." Id. at 146. And second, the decision in Boland is fully consistent with the Vermont Supreme Court's decision in Harmon v. Rogers, in which the Court stated that the parties' status as unmarried cohabitants would not preclude a contractual recovery if it were otherwise warranted, but nonetheless denied the plaintiff's implied contract claim after

4

trial because she did not sustain her burden of showing that there really had been an agreement. See 147 Vt. 11, 15 n.1, 18 (1986).[1]

As noted above, Plaintiff will have to show, through the parties' conduct and the circumstances of the case, that the parties actually agreed to share their assets even though they did not express their agreement in words. And this may not be easy to do. As the court cannot say that it is beyond doubt that she cannot do so, however, the claim is not subject to dismissal for failure to state a claim.[2]

**Plaintiff's Motion to Amend Count II**

Also pending is Plaintiff's motion to amend Count II. This motion was conditioned on its need to prevent dismissal for failure to state a claim. As the court has ruled that Count II is sufficient as it is, this motion need not be addressed.

**ORDERS**

Defendant's motion to dismiss is **DENIED**.

Plaintiff's motion to amend is **DISMISSED AS MOOT**.

---

[1] Harman is not on all fours, since it involved an implied contract to pay a wage rather than an implied contract to share assets. Nonetheless, its indication that an implied contract between unmarried cohabitants is possible and enforceable if otherwise warranted is instructive.

[2] Defendant also argues that dismissal is warranted because Plaintiff's claims are mutually inconsistent. To the extent the claims are inconsistent, Plaintiff may have to chose between them at some point in the litigation, but at this stage there is no reason she should not be allowed to pursue inconsistent claims. See V.R.C.P. 8(e)(2) (party may state as many separate claims as she has, regardless of consistency).

Signed at _____, Vermont, this _____ day of _____, 2004.

                                     _____
                                       Karen R. Carroll
                                       Presiding Judge