AMOS BREWER *vs.* HOUSATONIC RAILROAD COMPANY.

On the trial of an issue whether goods delivered by the plaintiff to the defendants were accepted by them, they called as a witness their agent, to whom the delivery was made, and asked him whether he ever accepted the goods. The judge excluded the question; but ruled that they might show what was done, or what was not done, by them in reference to the goods. *Held,* that they had no ground of exception.

In an action for the price of goods sold and delivered under a special contract, there was no dispute as to the contract price of the goods stipulated to be delivered, but the defendants contended that those actually delivered were of inferior quality and were not accepted. *Held,* that evidence of what the goods delivered were worth was admissible on this issue.

CONTRACT for the price of 192 cords of wood sold to the defendants, and drawn and delivered to them at their station in Sheffield, under a special contract.

At the trial in the superior court, before *Putnam,* J., there was no dispute as to the contract price of the wood stipulated to be delivered being five dollars per cord, and that the plaintiff had drawn 192 cords of wood to the station and delivered it there; but the defendants contended that the quality of the wood delivered was inferior to the requirement of the contract. The plaintiff contended that it was of the quality required, or, if not so, that the defendants had nevertheless accepted it.

Upon this issue, the defendants called their superintendent and station-agent as witnesses, and asked them, each, whether he ever accepted the wood that was delivered. The judge excluded this question, on the plaintiff's objection; but at the same time ruled "that the defendants might show what was done, or what was not done, by them, in reference to the wood; and that the jury must find whether the defendants had accepted the wood, under proper instructions from the court."

The defendants also asked the two witnesses "what was the mass of the wood delivered worth;" and stated that they did so

"for the purpose of showing that the wood which was delivered was not what was bargained for." But the judge excluded the question.

The defendants further offered to show "that they never made purchases of such wood as the plaintiff delivered, and for which he sought to recover, and never used any such wood;" but the testimony was excluded.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions to these three rulings on the evidence.

*J. Dewey, Jr.,* for the defendants.

*H. C. Joyner,* for the plaintiff.

MORTON, J. Both parties agree that the defendants entered into a contract to buy a certain quantity of wood of the plaintiff at five dollars a cord, and that the plaintiff had drawn this quantity to the defendants' depot. The defendants contended that this wood was not of the same kind or quality as the wood bargained for. The plaintiff, on the other hand, contended that the wood was of the same kind and quality; and he also claimed that, if it was not, yet the defendants had accepted it as delivered under the contract. This was the only controversy between the parties.

Upon the question of acceptance, the defendants asked their superintendent and their agent, each, whether "he ever accepted the wood." The court excluded the question, but ruled "that the defendants might show what was done, or what was not done, by them, in reference to the wood." This would include what was said or left unsaid by them to the plaintiff. We are of opinion that the defendants have no ground of complaint. They were allowed to put in all the facts. The question put called for a conclusion or opinion of the witness as to whether what had been done or said, or left undone or unsaid, by the defendants, amounted in law to an acceptance; and was therefore incompetent.

But we are of opinion that the testimony offered, of the value of the wood actually delivered, should have been admitted. The fact that the wood delivered was of much less value than five dollars a cord, if proved, would have some tendency to show that

it was not of the kind and quality bargained for. The same question arose in *Upton* v. *Winchester*, 106 Mass. 330, and the evidence was held to be admissible. See also *Bradbury* v. *Dwight*, 3 Met. 31.

The other exception taken at the trial was not argued, and we consider it waived.                    *Exceptions sustained.*