### BUSWELL TRIMMER COMPANY *vs.* HANNIBAL G. CASE.

Essex.    Jan. 25. — May 5, 1887.    C. ALLEN & HOLMES, JJ., absent.

In an action of replevin of a machine, it was admitted that the machine formerly belonged to the plaintiff, a corporation, and was delivered by it to A. on July 17. The defendant, who was the assignee in insolvency of A., contended that the machine was delivered on an absolute sale to A. under an order sent to the plaintiff's place of business on July 6. The plaintiff contended that the delivery was under an order, by which the machine was to remain the property of the plaintiff, received from A. at his place of business on July 13 by B., an agent of the plaintiff to solicit orders, and communicated by him the next day to C., the plaintiff's president, who had authority to accept orders and make sales. B. and C. were allowed to testify as to the communication of A.'s

offer of July 13 by B. to C., for the purpose of showing that the machine was delivered under the latter order. *Held*, that the defendant had no ground of exception to the admission of this evidence.

In an action of replevin of a machine, delivered by the plaintiff to the defendant, if the evidence is conflicting whether the plaintiff delivered the machine on an absolute sale on four months' credit under an order of a certain date, or on a conditional sale, by which the machine was to remain the property of the plaintiff until paid for, under an order of a later date, it is competent for the plaintiff to show that the defendant's reputation for financial ability was poor.

W. ALLEN, J.   This is an action of replevin of a machine, which it was admitted formerly belonged to the plaintiff, and was delivered by it to one Morrill.   The defendant, the assignee in insolvency of Morrill, contends that the machine was delivered on an absolute sale to Morrill under an order sent to the plaintiff's salesroom on July 6, 1885.   The delivery was on July 17.   The plaintiff contends that the delivery was under an order by which the machine was to remain the property of the plaintiff until paid for, received from Morrill at his place of business, on July 13, by one Robbins, an agent of the plaintiff to solicit orders, and communicated by him the next day to one Knight, the president of the plaintiff corporation, who had authority to accept orders and make sales.

The exception to the admission of testimony by Knight that he determined whether the orders solicited by Robbins should be accepted or not, has not been pressed, and is clearly untenable.

The testimony of Knight and of Robbins as to the communication of Morrill's offer of July 13 by Robbins to Knight was admitted, not, as seems to be supposed by the defendant, as evidence of what the order given by Morrill was, but as evidence that the machine was delivered under that order.

The evidence being conflicting whether the plaintiff delivered the machine on an absolute sale on four months' credit under the order of July 6, or on a conditional sale under the order of July 13, it was competent for the plaintiff to prove that Morrill's reputation for financial ability was poor.   It had some tendency to show that it was probable that credit was not given to Morrill.

If the plaintiff had both offers before it, and accepted one of them, the fact that Morrill was notoriously in bad pecuniary

credit, would have some bearing upon the question which order was accepted. *Lee* v. *Wheeler*, 11 Gray, 236. *Sweetser* v. *Bates*, 117 Mass. 466. *Brewer* v. *Housatonic Railroad*, 107 Mass. 277. *Defendant's exceptions overruled.*

*W. H. Moody*, for the defendant.

*J. P. Jones & B. B. Jones*, for the plaintiff.