FRED M. MILLER *vs.* CARRIE HADDOCK, Aplt.

Cumberland.   Opinion April 1, 1912.

*Brokers.   Real Estate Brokers.   Commissions.*

To entitle a real estate broker to a commission for procuring a prospective purchaser, he must produce a customer willing and prepared to purchase and pay for the property at the price and on the terms given by the principal to the broker.

In an action for a real estate broker's commission, it was proper to refuse to instruct that the fact that payments were not made by the purchaser would not bar plaintiff's right to recover, if a sale had been made, where it was admitted that payments were not made, and the question as to whether a sale had been made was fully covered by the instructions given.

On motion and exceptions by plaintiff.   Overruled.

Action of assumpsit brought by the plaintiff, a real estate broker, to recover the sum of $25.00 for services in the alleged sale of a bakery in the city of Portland.   Plea, the general issue.   The action was commenced in the Portland Municipal Court, and by appeal on the part of the defendant was transferred to the Superior Court where a trial was had and the verdict was for the defendant.   The plaintiff excepted to several rulings and also filed a general motion for a new trial.

The case is stated in the opinion.

*Connellan & Connellan,* for plaintiff.

*Harry E. Nixon,* for defendant.

SITTING:   WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, J. J.

HANSON, J.   This is an action of assumpsit brought by a real estate broker to recover the sum of $25.00 for services in the alleged sale of a certain bakery in the city of Portland, the plaintiff claim-

ing that he procured a customer on the terms agreed upon, and was thereupon entitled to payment notwithstanding the purchaser failed to carry out the agreement to purchase.

The jury found for the defendant, and the case comes before the court on motion and exceptions by the plaintiff.

As to the motion. The plaintiff produced a "sale contract" signed by the defendant and one Donahue, the alleged purchaser, in which it is stipulated that the defendant "agreed to sell to said Donahue" the bakery business, stock and fixtures at 131 Forest Avenue for the sum of $300.00—$50.00 cash, assuming a mortgage of $50.00, and mortgage back for two hundred dollars, and Mr. Donahue agreed to purchase said property at the price named within two days from the date thereof. This "sale contract" is dated July 13, 1910. The defendant denies liability thereunder, claiming that the document does not contain the agreement or terms authorized by her; that she told the plaintiff "there was a note out for $50.00, and a mortgage for $50.00, and I must have $100.00 down. . . . I told him I wanted $250.00 for the bake shop outside of this, he said 'I will add that on. We will ask $350.00 for the bake shop; we may have to come down some;' " that a week later plaintiff came to her shop to discuss the sale, and she repeated the demand for $100.00, as a first payment, and that later plaintiff procured her signature to a paper which he claims is the one declared upon in the suit.

Plaintiff produced as exhibit 2 a similar "sale contract" dated July 7, 1910, signed by defendant only, and not reciting the name of any purchaser, in which the terms are as follows: $100.00 cash, assuming mortgage on oven $50.00 and mortgage back for $150.00 8 months. Both "contracts" were procured from her by the plaintiff and are in his handwriting. It will be seen that neither contract contains the exact terms claimed by defendant to have been authorized by her. There is conflict throughout the testimony, and the case shows that the alleged purchaser made but one payment of $50.00, and that to the plaintiff, who paid to Mr. Nixon who held defendant's note, $30.00, the balance of $20.00 being paid to the defendant. Mr. Donahue remained in possession about two months and did not pay the payments due in August and September. On September 27th the defendant took possession of the property, and thereupon the plaintiff demanded payment of the sum sued for.

The case shows that the plaintiff did not follow the original instructions of the defendant; that he assumed full charge of the transaction and collected the only money paid under the contract. It clearly appears that Mr. Donahue was not able to complete the purchase on the terms authorized or on any terms; that the plaintiff was to collect his pay from the deferred payments to be made by the purchaser and all his acts point to this conclusion. Defendant's letter introduced by plaintiff as exhibit 3 corroborates the claim of defendant as to the manner and means of payment of commissions, if earned.

The rule as laid down in recent decisions in this State requires that the agent shall procure and produce to the principal a customer willing and prepared to purchase and pay for the property at the price and on the terms given by the principal to the agent. *Hartford* v. *McGillicuddy,* 103 Maine, 224, and cases cited. While there is sharp conflict between the parties, it clearly appears that the customer was not prepared to pay for the property at the price and on the terms agreed upon in either sale contract,—and further that the plaintiff relied upon the customer for payment of his commission; in other words, his commission was to be taken from the monthly payments which were to be made to him in August and September and which the customer did not pay, and so the jury found.

As to the exceptions: The only exception was to the refusal of the presiding Justice to give the following instruction:

"If you find payments were not made, if a sale had been made, this would not bar the plaintiff from recovering."

The testimony does not support the request, nor could the instruction be given entire with legal propriety. *Work* v. *Athens,* 99 Maine, 82.

It was *admitted* that payments were not made, and the question as to a sale between the principals was fully covered by the presiding Justice in his charge to the jury, and enlarged upon in his ruling, as follows: "The condition imposed on this plaintiff is to produce a customer ready and willing and of ability to perform his contract, and the requested instruction I refuse. I give it to you in this way: That if the payments were not made because of the fault of the customer and without the fault of the defendant, this plaintiff cannot recover. If the fault for the non-payment was the fault of

the customer, and the fault of the defendant did not enter into that, then he cannot recover. It is one of the conditions of his contract that the customer must be ready and willing and of ability to perform."

The law was clearly stated by the presiding Justice, and all the facts fairly submitted. No error appears in the instruction given or in the refusal to instruct. A careful study of the case discloses no reason for disturbing the verdict.

*Motion and exception overruled.*