FREDERICK BRONK *vs.* THE CONNECTICUT TRUST AND SAFE DEPOSIT COMPANY ET ALS., EXECUTORS.

First Judicial District, Hartford, January Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Unless otherwise agreed, a real-estate broker employed to effect the purchase of specified properties for a stated sum, does not earn his commission until he has procured a person or persons who are ready, willing and able not only to sell the property but to convey

to the purchaser a complete and unincumbered title for the price offered by him; for the prospective buyer is under no obligation to take the properties subject to outstanding mortgages and liens.

Argued January 7th—decided February 23d, 1915.

ACTION to recover for services as a real-estate broker, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Smith, J.;* verdict for the plaintiff for $900, which the trial court set aside as against the evidence, from which action the plaintiff appealed. *No error.*

*John J. McKone,* for the appellant (plaintiff).

*Charles Welles Gross,* for the appellees (defendants).

PRENTICE, C. J. The plaintiff alleges in his complaint, and claims to have established by the evidence, that he was employed by the defendants' testator, James M. Thomson, as a real-estate broker to purchase for him, Thomson, three adjoining pieces of land for a price not exceeding in the total $45,000; that he secured terms from the owners of these properties by which each agreed to sell and convey his property for a sum which made the total cost $45,000, and no more; that thereupon Thomson refused to complete the purchase, and declined to pay the plaintiff's commission of $900 thus earned, for the recovery of which the action was brought. The defendants denied both the allegation of employment and that of satisfaction of its terms as stated and testified to. The trial court rightly set aside the plaintiff's verdict, for the reason that upon the evidence the jury could not reasonably have found performance.

Where there is an employment of a real-estate broker for the purchase of property for a sum named,

and there are no special terms stated or subsequently assented to, his commission is not earned until he has procured a party or parties ready, willing and able to sell the property, and convey to the purchaser a complete and unincumbered title thereto for the stipulated price.

This condition the plaintiff upon his own statement failed to satisfy. Disregarding certain first mortgages upon the properties which, as far as appears, were payable at any time at the pleasure of the equity owners, there were upon one of the pieces a second and a third mortgage, each having between five and six years to run. No communication had been had with the holder of either of these mortgages, and the consent of neither holder to release his interest in advance of maturity had been obtained. This situation was first brought to Thomson's attention by the plaintiff's letter, in reply to which he declined to proceed further with the matter. He never consented to take the property under such conditions, and nothing was thereafter done to change them. Portions of the property were also subject to outstanding leases for unexpired terms of eighteen months or more. No arrangement with respect to these leases was, as far as appears, made with the lessees, or understanding or arrangement for the acceptance of the titles thus incumbered had with Thomson.

There is no error.

In this opinion the other judges concurred.