EDWARD T. HARRINGTON COMPANY *vs.* WABAN ROSE CONSERVATORIES.

Suffolk.   November 11, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Broker*, Commission.   *Agency.*

Where the owner of certain real estate authorizes a broker to sell it for a fixed price, reserving the right "to deal with any one, broker or other person, who" brings him an offer, but making no agreement that payment of a commission depends upon the consummating of a sale by the passing of title, and the broker procures and introduces to the owner a customer with whom the owner makes a valid and binding agreement of sale, the broker's commission is earned although afterwards the owner and the customer mutually agree to rescind the contract of sale.

CONTRACT for a commission for procuring a purchaser for real estate of the defendant. Writ in the Municipal Court of the City of Boston dated August 5, 1914.

The material facts in evidence at the trial in the Municipal Court are described in the opinion. The defendant's first and ninth requests for rulings, which were refused by the trial judge and are referred to in the opinion, were as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"9. If the plaintiff was employed by the defendant for any purpose, the employment was to bring about a sale and not merely to procure a purchaser."

There was a finding for the plaintiff in the Municipal Court in the sum of $757.10, and for the defendant on a declaration in set-off for money had and received in the sum of $250. A report of the case by the trial judge was dismissed by the Appellate Division of that court, and the defendant appealed.

*H. S. Davis,* for the defendant.

*C. S. Tilden,* for the plaintiff.

BRALEY, J.   The contract having been oral, its terms are to be ascertained from the evidence. The trial judge would have been warranted in finding that the defendant authorized the plaintiff to sell a parcel of its real property for a fixed price, reserving the right "to deal with any one, broker or other person, who brings us an offer." Having found a purchaser able and willing to buy, the plaintiff informed the defendant and it, after ascertaining the amount of the commission, accepted the offer. The plaintiff's president, accompanied by the proposed purchaser, thereupon went to the defendant's place of business where an agreement under seal for the sale and purchase of the property was prepared and executed, which the parties to the action agree was binding upon vendor and purchaser. But, the purchaser upon tender of the deed having refused performance, the defendant contends that the plaintiff cannot recover, because no commission was earned unless the sale was consummated and the title passed.

The rights of the plaintiff, however, are to be determined by the contract of employment. It contains no stipulation that payment of a commission depended upon the making of an enforceable agreement between the defendant and the customer. Nor is it susceptible of such construction by implication. Doubtless such an agreement could have been made or the commission conditioned as payable only from the proceeds of the sale as in *Munroe* v.

*Taylor,* 191 Mass. 483, 485.  It moreover is undisputed that without attempting enforcement and without notice to the plaintiff the contract of sale was rescinded by mutual consent.  The defendant having voluntarily abandoned a binding agreement cannot treat it as still in force for the purpose of avoiding its liability to the plaintiff.

The defendant's first and ninth requests were properly refused, and the general finding for the plaintiff, after allowance of the set-off, should not be disturbed.  *Fitzpatrick* v. *Gilson,* 176 Mass. 477.  *Carnes* v. *Howard,* 180 Mass. 569, 572.  *Goodnough* v. *Kinney,* 205 Mass. 203.

<div align="right">

*Order dismissing report affirmed.*