James A. Carrig *vs.* Walter F. Earle & others, trustees.

Middlesex.     March 20, 1922. — June 15, 1922.

Present: Rugg, C.J., Braley, De Courcy, Crosby, & Jenney, JJ.

*Equity Pleading and Practice,* Findings by judge, Appeal.  *Waiver.*

Findings of fact by a judge, who, without the appointment of a commissioner, heard a suit in equity on evidence which was partly oral testimony, are not subject to review on appeal.

Waiver is a question of fact.

A judge, who without the appointment of a commissioner heard a suit in equity by a real estate broker against trustees who owned certain real estate for a commission for the procuring of a purchaser of the real estate, found that, after a prospective purchaser, procured by the plaintiff, had signed an agreement prepared by an associate both of him and of the defendants, it was rejected by the defendants and new agreements were prepared and delivered to the prospective purchaser, who paid $500 on account of the purchase price and to whom, at his request, a supplementary letter modifying the terms of the last agreement was sent. The defendants accepted that and subsequent agreements and waived objection to certain delayed payments by the purchaser.

Later, the defendants, having decided to repudiate the agreement, without notifying the plaintiff or the purchaser of their intention, surreptitiously obtained possession of the agreement and thereupon through counsel notified the plaintiff that they would not make any agreement "as proposed in the drafts" which had been accepted by the parties. Later the defendants returned to the purchaser payments which they had received from him on account of the contract and thereafter the purchaser became a bankrupt. At the date of the first agreement and until final repudiation by the defendants, the purchaser was financially able to perform the contract. The judge found for the plaintiff. *Held,* that

(1) The second agreement and the defendants' letter to the purchaser constituted an agreement of purchase and sale of the real estate;

(2) The subsidiary facts found by the judge supported his conclusion and finding for the plaintiff;

(3) The plaintiff's rights were not dependent upon acts of the purchaser and of the defendants subsequent to the contract between them;

(4) The purchaser being financially able to perform until repudiation by the defendants, his subsequent bankruptcy was immaterial;

(5) The repayments by the defendants to the purchaser did not affect the plaintiff's rights.

BILL IN EQUITY, begun as an action at law by a writ dated January 19, 1920, and amended into a suit in equity on March 8, 1921, for one half of a commission, alleged to have been earned by the plaintiff and one Giles for procuring a purchaser of land and buildings known as "Burton Halls" for the defendants, trustees of the Colonial Trust, of whom Giles was one.

In the Superior Court, the suit was heard by *Sanderson,* J. Material facts found by the judge are described in the opinion. By order of the judge, a final decree was entered establishing the debt owed to the plaintiff at $2,675 and ordering its payment with interest, a sum amounting in all to $2,967.91. The defendants appealed.

The case was submitted on briefs.

*H. F. Dolan, J. H. Morson & C. H. Stebbins,* for the defendants.

*J. H. Casey & F. J. Muldoon,* for the plaintiff.

BRALEY, J. This is a suit to recover one half of a broker's commission for the sale of land and buildings known as "Burton Halls" held and managed by the defendants as trustees of the "Colonial Trust." The judge who heard the case without the appointment of a commissioner found that the defendants employed the plaintiff to procure a purchaser for one half the regular broker's commission, the other half being payable to the defendant Giles, one of the trustees. And, the plaintiff having procured one

Cox, who was ready, willing and able to buy upon terms accepted by the defendants, a commission on the selling price had been earned, and entered a decree for one half of the amount with interest from the date of the writ. It is contended that this general conclusion is necessarily inconsistent with the specific facts previously stated in his findings, and that the decree should be reversed. *Briggs* v. *Sanford,* 219 Mass. 572, 573.

The first two agreements prepared by the defendant Giles for the sale to Cox on terms negotiated by the plaintiff, which also provided for a "regular broker's commission on the said sale is to be paid to James A. Carrig and George A. Giles" by the defendants, were signed by Cox and returned to Giles who then told the plaintiff that the trustees would not sign because they desired that payments on the second mortgage which they were to take should be so apportioned as to be payable monthly, the last payment to become due in three years. Negotiations however were not terminated. Two new agreements signed by the defendants similar in form to the first agreements except the insertion of the provision for the payment of the second mortgage by instalments were prepared by Giles and given to the plaintiff on December 12, 1919, who delivered them to Cox, and "$500" on account of the purchase price was paid, accepted and deposited by Giles in his personal account. But, Cox being in doubt whether he would not be in default if the monthly payments were delayed, the defendants signed and delivered on January 7, 1920, a letter in which they agreed, that a lapse of thirty days in any of the payments should not be considered a breach of covenant, and agreeing also that he might pay in advance for a period of three months. The letter and the agreement constituted the contract. *Nickerson* v. *Weld,* 204 Mass. 346, 355. *Hanson & Parker Ltd.* v. *Wittenberg,* 205 Mass. 319, 324. *George Lawley & Son Corp.* v. *Buff,* 230 Mass. 21, 23.

While the initial payment of "$2,000" required by the contract became due December 12, 1919, and a second payment of "$3,000" on January 1, 1920, the judge has found that by their letter and conduct the defendants waived strict compliance with these conditions, and waiver being a question of fact the finding must stand. *Borden* v. *Fine,* 212 Mass. 425. *Follins* v. *Dill,* 229 Mass. 321, 324.

It is plain that the findings that on January 7, 1920, Cox paid "$1,500" which was accepted as a payment on account of the purchase price, and that this amount with the "$500" previously paid satisfied the initial payment, and that by making these payments after receiving the letter Cox indicated his assent to the terms of the agreement as modified, and that the provisions relating to the dates of the first two payments had been waived by the defendants by their acceptance of the payments, are not repugnant to, but support the judge's conclusion.

The defendants on January 9, 1920, decided to repudiate the agreement, and, without notifying the plaintiff or Cox of their intention, surreptitiously obtained possession of it, and thereupon through counsel notified the plaintiff that they would not make any agreement "as proposed in the drafts" which had been accepted by the parties. The question, whether as between Cox and themselves the defendants had succeeded in doing away with the contract, need not be decided. The plaintiff's rights were not dependent on the subsequent acts of either the vendors or the purchaser in the performance of the agreement. *Edward T. Harrington Co.* v. *Waban Rose Conservatories,* 222 Mass. 372.

The judge having found that at the date of the first agreement and thereafter until the defendants' repudiation Cox was financially able to perform the agreement, his bankruptcy the following June is immaterial. Nor does the fact that the defendants have repaid Cox affect the plaintiff's right of recovery. *Walker* v. *Russell,* 240 Mass. 386.

We perceive no reason why the plaintiff on the record should be deprived of the commission which the defendants agreed to pay. *Nickerson* v. *Bridges,* 216 Mass. 416, 420, 421. The decree is affirmed with costs of the appeal.

*Ordered accordingly.*