ANDREA CUERONI *vs.* COBURNVILLE GARAGE, INC., & another.

Middlesex.   October 8, 1943. — December 1, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Contract*, Building contract, Performance and breach. *Practice, Civil*, Appellate Division: report, appeal. *Arbitration*.

The issue, whether, at the hearing by a judge of a District Court of an action upon a quantum meruit for work done and materials furnished in the construction of a building, there was evidence warranting a finding, which the judge had made, in substance that the defendant had waived variations by the plaintiff from the provisions of a building contract between the parties, was not presented to the Appellate Division by a report which included no request by the defendant for a ruling upon the question of such waiver and no claims of error in that respect but only claims of error in the denial of the defendant's requests for rulings in substance that the evidence did not warrant findings that the plaintiff had performed the contract substantially and had endeavored in good faith to perform it fully.

An owner who waived variations by a builder from the provisions of a contract between them for the construction of a building was not entitled, in an action by the builder against him on a quantum meruit, to a ruling that the evidence did not warrant a finding that the builder had substantially performed the contract and had endeavored in good faith to perform it fully.

Upon a report by a judge of a District Court, who heard an action upon a quantum meruit for work done and materials furnished in construction of a building, a contention by the defendant that he was entitled to further credits than those given by the judge was not open in this court in the absence of a request by the defendant at the trial for a ruling on that subject.

A provision of a building contract, "Should dispute arise relative to the work the same shall be settled by arbitration. . . . Any finding made by . . . [the arbitrators] shall be final and binding on each party," did not provide for an arbitration under G. L. (Ter. Ed.) c. 251, §§ 14–22, and was unenforceable at common law.

CONTRACT against Coburnville Garage, Inc., and Charles Fantony. Writ in the First District Court of Southern Middlesex dated September 29, 1941.

A stay of trial was denied by *Temple*, J., as described in the opinion. After trial he found for the defendant Coburnville Garage, Inc., on all counts of the declaration and for the defendant Fantony on the first count, and for the plaintiff against Fantony on the second and third counts. Upon a report, the Appellate Division for the Northern District "found and decided that there was prejudicial error in the denial of the defendant's requested rulings" described in the opinion, and ordered: "Finding for the plaintiff vacated. Judgment for the defendant." The plaintiff appealed.

*A. T. Handverger*, for the plaintiff.

*W. A. Ryan*, for the defendants.

RONAN, J. The plaintiff seeks compensation for the construction of an addition to a garage under a written contract with the defendant Fantony, hereinafter called the defendant. The first count of the declaration is based upon this contract, the second is based upon a quantum meruit and the third count is for extras. The contract contained the following provision: "Should dispute arise relative to the work the same shall be settled by arbitration. The owner and contractor to select an arbitrator and those selected to choose the third party. Any finding made by them shall be final and binding on each party." The defendant Fantony filed an answer setting up this provision for arbitration, averring a willingness to submit to arbitration and requesting a stay of the trial until arbitration could be had. Each defendant filed a motion for a stay on those grounds, which was denied for the reason that this provision was invalid as it "ousts the court of jurisdiction." This is the first matter that was reported to the Appellate Division.

At the trial upon the merits, counsel agreed that the five-inch cement floor, which was thirty by twenty yards, was not reinforced by a steel mesh as provided by the contract; that second-hand copper flashing was used on the rear of the addition and no fascia board had been installed under

this flashing, although the contract called for new material and for a fascia board; that there was a hole between the brick wall and the flashing; that iron nails were used on the flashing; that skylights leaked; that the rear door had not been sealed; that the rear wall of the office was not built upon the foundation specified in the contract but was laid on a slab and had cracked; that only one set of clamps was attached on each of the six steel beams to tie them in to the wall of the old building notwithstanding the contract called for two sets of clamps; and that the cellar window would not close and a hand rail on a stairway was not properly installed. There also was evidence that the contractor had failed in various other ways to comply with the contract.

The judge found that the plaintiff had endeavored in good faith to perform the contract and had made no intentional departure from the requirements of the contract. He found that the contract had been substantially performed; that the omission of steel floor reinforcement was at the suggestion of Fantony and was with his assent; that the roof timbers and planks were of good quality, and the roof covering was installed in accordance with the contract. He found that the defendant Fantony watched the progress of the work "and whatever variation there was from the contract, plans or specifications was with his knowledge and consent," and that he waived an order in writing for the extra work. He found that there was no evidence of any liability upon the part of the corporate defendant and found for this defendant. This finding is not now attacked. The judge found for Fantony upon the first count upon the contract. On the second count, after making an allowance of $238.50 on account of certain defective work or of the defendant's completing the work required to be done under the contract, he found for the plaintiff for $3,511.50. He also found for the plaintiff for $95.22 on the third count for extra work. The defendant contends that there was error in refusing certain of his requests and in granting certain requests of the plaintiff. The second report deals with the action of the trial judge with reference to these requests.

It is unnecessary to deal separately with any of these requests, for the gist of the defendant's complaint is that there was error in the refusal of the judge to rule as requested that the evidence would not warrant a finding that the plaintiff in good faith substantially performed his contract.

It is settled that a builder suing upon a quantum meruit for labor performed and materials supplied in the performance of his contract with the owner must, in order to recover, prove both substantial performance and an endeavor in good faith to perform fully. *Andre* v. *Maguire*, 305 Mass. 515. *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231. *LeBel* v. *McCoy*, 314 Mass. 206. The good faith of the contractor and substantial performance of the contract were material issues with the burden of proof upon the plaintiff. The judge found that "whatever variation there was from the contract, plans or specifications was with . . . [the] knowledge and consent" of the defendant and that the giving of a written order for the extra work was waived by the defendant. Waiver is a question of fact. *Carrig* v. *Earle*, 241 Mass. 530. *Donovan Motor Car Co.* v. *Niles*, 246 Mass. 106. The report contained all the evidence material to the questions reported, but the only questions reported are the rulings and refusals to rule as requested. No ruling as to waiver was requested or reported on the matters now in question. If the defendant desired to raise any question of law as to the sufficiency of the evidence to warrant a finding of waiver, he should have made a request to that effect and requested a report to that end. This he did not do. The defendant could not complain that there was a lack of evidence to prove good faith and substantial performance, if he waived such matters as the trial judge found he did. In other words, waiver rendered want of good faith and substantial performance immaterial. The defendant made no general request that the evidence would not warrant a finding for the plaintiff, and he did not raise any question as to waiver. No such question was presented to the Appellate Division. The Appellate Division had no authority to pass upon the question of waiver. It was not authorized to rule that the evidence was insufficient to warrant a finding of waiver and that the

trial judge was therefore wrong in refusing the defendant's requests that the evidence did not warrant a finding of good faith and substantial performance and in giving the plaintiff's requests as to the effect of good faith and substantial performance, if proved. *Reid* v. *Doherty,* 273 Mass. 388. *Segal* v. *Allied Mutuals Liability Ins. Co.* 285 Mass. 106. *Aluminum Products Co.* v. *Regal Apparel Co.* 296 Mass. 84. *Baker* v. *Davis,* 299 Mass. 345. *Korb* v. *Albany Carpet Cleaning Co.* 301 Mass. 317. *Everett* v. *Canton,* 303 Mass. 166.

If the defendant consented to the deviations from the contract, plans and specifications, he cannot complain that the work was not performed to his entire satisfaction as the written contract provided. The contention of the defendant that he is entitled to deductions in addition to those allowed by the judge on account of the omission of the plaintiff to furnish certain material and the substitution of old for new material, even if the provisions of the contract in these respects were waived by the defendant, is not open in the absence of a request for a ruling that the defendant should be credited on account of such deductions. *Mass. Building Finish Co. Inc.* v. *Brenner,* 288 Mass. 481. *Tighe* v. *Skillings,* 297 Mass. 504, 506.

There was no error in finding for the plaintiff on the third count. The act of the defendant in personally requesting the performance of the extra work could be found to be a waiver of the requirement of a written order.

We now consider the first report, which raises the question whether the trial judge was in error in refusing to grant the defendant's motion for a stay in order that arbitration proceedings might be had and the controversy thereby settled. The contract contained a provision that any dispute relative to the work should be settled by a board of arbitrators, one of whom should be selected by each of the parties and the third by the two so selected. "Any finding made by them shall be final and binding on each party." If this was an agreement for submission to arbitration under the statutes, G. L. (Ter. Ed.) c. 251, §§ 14–22, then the defendant was entitled to a stay by virtue of § 21, if he did not unreasonably delay in submitting the controversy to arbi-

tration as provided for in § 17. On the other hand, if the clause in the contract amounted to no more than a common law reference to arbitration, then the defendant was not entitled to a stay in this action at law.

It is plain that, prior to the enactment of St. 1925, c. 294, § 5, which in its present form appears as G. L. (Ter. Ed.) c. 251, §§ 14–22, and which provides a statutory method for the settlement of controversies by arbitration, an agreement referring an entire dispute without restrictions or conditions and stipulating that the finding of the arbitrators or a majority of them should be final and binding on the parties could not be enforced under our decisions. *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120. And the award not having been made a condition precedent to the right to sue, the plaintiff was at liberty to resort to the courts. *Norcross Brothers Co.* v. *Vose*, 199 Mass. 81, 94. *Lakube* v. *Cohen*, 304 Mass. 156, 158. The defendant contends that the agreement for arbitration should be construed as an agreement for statutory arbitration. The agreement, however, provides for a finding of the arbitrators, but it goes no farther. It contains no provision for the filing of the award in any court or the entry of any judgment. Indeed, it is plain that nothing further was contemplated after the arbitrators should make their award. The award was to become final and binding upon the parties without judicial action. Under the statute the award does not become final until the objections thereto have been determined by the Superior Court and judgment is entered. An agreement for submission which departs, as does this agreement, from the statutory requirements cannot be held to be a reference under the statute. *Miles* v. *Schmidt*, 168 Mass. 339. *Nay* v. *Boston & Worcester Street Railway*, 192 Mass. 517. *Cochrane* v. *Forbes*, 257 Mass. 135. The case is distinguishable from *Spence, Bryson, Inc.* v. *China Products Co.* 308 Mass. 81, where the agreement was not, as here, to be fully performed by the making of an award, but it expressly provided for the filing of the award in any court having jurisdiction. In that case the performance of the agreement for arbitration called for substantial compliance with the

statute, while in this case the agreement makes no provision for anything further than the making of the award.

It follows that there was no error in denying the motion for a stay; that the order of the Appellate Division vacating the findings for the plaintiff and ordering judgment for the defendant must be reversed; and that judgment for the plaintiff in accordance with the findings of the trial judge is to be entered.

*So ordered.*