Allow, J.
Action of contract to recover a balance of $75. due on a broker’s commission. There was evidence that the plaintiff at the request of the defendant procured a customer for her property located at 3-10 Noanet Street *171 in Boston. The report is obscure as to the details of the transaction but sets forth sufficient to show that the transfer of the property to the customer took place on the day the defendant met him, that the deed was prepared by the customer and signed by the defendant, that because the deed did not contain a provision that the purchaser would assume the mortgage the seller brought proceedings in the equity court alleging a fraud on the purchaser’s, part. It further appeared that by a decree of the Superior Court sitting in Equity the conduct of the purchaser was declared fraudulent and the deed declared null and void.
Under ordinary circumstances the proceedings in the equity court involving persons other than the plaintiff, and being res inter alios, the findings as to fraud would not be binding on the parties in this action. The receipt of the decree in evidence in this action without objection, however, alters the situation, and by the law of the case the facts found by the decree stand established for the purposes of this report.
The mere fact of a transfer of the property by deed to the buyer, is not conclusive on the defendant. The plaintiff’s right to a commission depends entirely on producing a customer ready, willing, and able to buy on the owner’s terms. The buyer’s fraud in tendering a. deed other than what he represented it to be clearly shows that he was not ready, willing, and able in the legally accepted sense. The decree of the equity court in declaring the deed null and void restored the parties to their original position and deprived the customer of the character sufficient to sustain the claim of the broker who produced him. McCarthy v. Reid, 237 Mass. 371. The situation differs from Carrig v. Earle, 241 Mass. 530, where a customer was produced who was acceptable to seller and an agreement signed.
*172 The issue presented by this report is not properly raised by the defendant’s requests for rulings. In effect they are requests for findings of fact and the court was within its rights in denying them. However to' permit the finding for the plaintiff to stand in the face of the facts appearing in the report would result in a miscarriage of justice. For this reason the finding for the plaintiff should be vacated and the action remanded for a new trial. So ordered.