**208 P.2d 1070**

## SIMMONS v. LIBBEY.

### No. 5166.

Supreme Court of New Mexico.

June 7, 1949.

Rehearing Denied Sept. 2, 1949.

Lewis R. Sutin, Albuquerque, for appellant.

George P. Seery, Belen, for appellee.

SADLER, Justice.

The appellant, as plaintiff below, sued defendant for the recovery of $300.00,

which the latter claimed the right to deduct as his commission from a down payment of $500.00 received by him as plaintiff's agent from a third party under an agreement for sale of certain real property. Judgment went for the defendant and the plaintiff prosecutes this appeal from the judgment so rendered against him. There is little dispute in the facts. Indeed, practically all of them were stipulated.

The parties to the action reside in Los Lunas, the county seat of Valencia County, where defendant was engaged in the real estate business. Prior to October 20, 1947, the plaintiff made an oral listing of certain real estate with defendant, a real estate broker, for sale at six thousand ($6,000.00) dollars agreeing that the defendant should have as his commission whatever sum he might secure above that amount. As such broker, the defendant did produce a purchaser who agreed with plaintiff to pay him six thousand three hundred ($6,300.00) dollars, of which amount $500.00 was to be and was paid in cash and the remainder payable on or before October 20, 1947. It was known both to the seller and to the purchaser that the latter's ability to fulfill his promise to pay balance of the purchase price by October 20, 1947, depended on the sale by him of certain property he owned in the state of Colorado.

The purchaser was disappointed in the hoped for sale of his Colorado property.

Accordingly, he defaulted in payment of the balance of the agreed purchase price on October 20, 1947, and suffered a forfeiture of the amount already paid, making no claim for its return. The oral agreement of sale between the plaintiff and the purchaser made no provision for a forfeiture of the down payment in the event of default by the latter in payment of the remainder of the purchase price.

After default by the purchaser on October 20, 1947, the plaintiff demanded of defendant the amount of the down payment in the sum of $500.00. The defendant tendered him a check for $200.00, being the sum received by him less his claimed commission. The plaintiff declined to receive it in satisfaction of his claim to the whole amount held by defendant. The final paragraph of the stipulation on the facts, reads:

"The Plaintiff contends that the Defendant was to receive no commission until he first received $6000.00 cash, and the Defendant contends that he was to be paid a commission out of any down payment when the deal was made. Both parties reserve the right to introduce evidence on this question of fact."

Testimony was taken on the single question of fact reserved in the paragraph of the stipulation just quoted. The trial court found the facts substantially as we have recited them. They and the conclusions of law read:

"I. That the Court has jurisdiction over the subject matter, persons and property.

"II. That on or about October 3, 1947, the Plaintiff orally listed his property with the Defendant, a real estate broker, for Six Thousand dollars ($6,000.00) net to Plaintiff plus Defendant's commission and Defendant orally agreed to sell Plaintiff's property on those terms.

"III. That Defendant procured one Robert Steadham as a purchaser for the Plaintiff's property at a total consideration of Sixty-three Hundred dollars ($6300.00) and agreed to pay Five Hundred dollars ($500.00) cash as a down payment and Fifty-eight Hundred dollars ($5800.00) by October 20, 1947; that the Defendant produced the purchaser to the Plaintiff and the Plaintiff accepted the purchaser and the terms offered by the purchaser. The said purchaser then paid to Defendant as Plaintiff's agent the sum of Five Hundred dollars ($500.00) and failed to carry out the balance of his contract.

"IV. That the Defendant accepted the Five Hundred Dollars ($500.00) as agent for Plaintiff and after deducting his commission in the amount of Three Hundred dollars ($300.00), submitted the balance of the down payment in the sum of Two Hundred dollars ($200.00) to the Plaintiff, the receipt of which has been acknowledged by the Plaintiff.

"V. That no written contract was entered into between the Plaintiff and Defendant, nor between the Plaintiff and the purchaser. And that the Plaintiff made no demand at any time upon the Defendant to produce a written contract for the sale of his land which could be specifically enforced.

"From Which Facts the Court Concludes as a Matter of Law

"A. That the defendant was the procuring cause of the sale of the Plaintiff's property to one Robert Steadham, purchaser.

"B. That the purchaser produced by the Defendant was accepted by the Plaintiff and that the terms of the sale were accepted by the Plaintiff and that the sale was consummated by the Plaintiff with the purchaser upon the purchaser's terms.

"C. That the defendant's commission was earned and the sale was made by the Plaintiff to the purchaser."

The judgment rendered by the trial court is correct and should be affirmed. It is well settled that a broker has earned his agreed commission when he produces a prospect who is ready, willing and able to purchase on terms agreeable to the seller. Williams v. Engler, 46 N.M. 454, 131 P.2d 267; Watson v. Sewell, 50 N.M. 121, 123, 171 P.2d 647. This is exactly what happened in the instant case. True enough, under the oral listing of the property with

defendant by plaintiff, the sale was to be for cash and the broker's commission was fixed in amount at any sum sold for above the price of $6,000.00 net to plaintiff. The purchase price being $300.00 above that figure, the commission thus became fixed at such amount.

When defendant brought seller and purchaser together, however, instead of insisting upon a cash transaction, the seller was satisfied to accept a down payment of $500.00 and give the purchaser time on the balance of the purchase price until a fixed date in the future. The mere fact of knowledge on the part of both that purchaser's ability to pay the balance of agreed purchase price by the date fixed for its payment depended on the sale of his Colorado property, no more defeated the defendant's right to his commission, than if the condition had rested on his ability to borrow the money. This was a chance the seller chose to take. In doing so he did not thereby expose his broker's right to a commission to the same hazard. When the owner accepted the prospect produced by defendant as a purchaser, the broker's right to commission became fixed. Jutras v. Boisvert, 121 Me. 32, 115 A. 517; Russo v. Slawsby, 84 N.H. 89, 146 A. 508; Lombard v. Sills, 170 Mo. App. 555, 157 S.W. 93; Leuschner v. Patrick, Tex.Civ.App., 103 S.W. 664; Seidel v. Walker, Tex.Civ.App., 173 S.W. 1170; Closner v. Gannaway, Tex.Civ.App., 32 S. W.2d 523; Conklin v. Krakauer, 70 Tex. 735, 11 S.W. 117.

The case of Jutras v. Boisvert, supra, is so much like the one at bar on its facts as to prove decisive unless faulty in its reasoning and we do not find it so. There as here, the action was one by the seller for a cash payment made by the purchaser to his brokers to "bind the bargain." He then defaulted and failed to go through with the purchase after the terms had been agreed upon between him and the seller. The court said [121 Me. 32, 115 A. 519]:

"The deal was not consummated by the execution, delivery, and acceptance of a conveyance and the payment of the consideration, nor was any valid contract of purchase signed by the buyer; but neither of these acts concerned the brokers. No duty was imposed upon them in relation thereto by their contract. These were matters entirely for the owner to consider and determine, and if he saw fit to take the purchaser's word, and to demand no valid written agreement, the responsibility rested entirely upon him.

"Under the agreement in this case the brokers were not obliged to effect a sale, as in Ward v. Cobb, 148 Mass. 518, 20 N.E. 174, 12 Am.St.Rep. 587, which means in this connection either an actual conveyance or a valid written contract to buy. Rice v. Mayo, 107 Mass. 550; Veazie v. Parker, 72 Me. 443. But they were only bound to find

a purchaser as already defined. When they had found such a purchaser, and had brought him to the owner, and those two had agreed upon modified terms which were satisfactory to the seller, then the seller had accepted that party as the purchaser whom he had authorized the brokers to find. He cannot repudiate his agreement to pay commissions simply because no written agreement was signed binding the purchaser. The agreement contained no special stipulation that the brokers' commission was conditional upon the making of an enforceable agreement between seller and customer. Harrington Co. v. Waban Rose Conservatories, 222 Mass. 372, 111 N.E. 37. 'It is no part of the broker's duty to see to the making of the contract between his principal and the customer found by him.' O'Connell v. Casey, 206 Mass. 520–529, 92 N.E. 804; Taylor v. Schofield, 191 Mass. 1, 77 N.E. 652; Willard v. Wright, 203 Mass. 406, 89 N.E. 559; Brilliant v. Samelas, 221 Mass. 302, 108 N.E. 1047; Leland v. Barber, 228 Mass. 144, 117 N.E. 33."

In Russo v. Slawsby, supra, it was held no defense to the broker's claim for his commission that the owner was unable to negotiate mortgage loans undertaken by him in assisting in arrangements for payment of the purchase price. Likewise, in Leuschner v. Patrick, supra, the owner was said to be in no position to object to the broker's claim for commission because the purchaser he accepted proved financially unable to fulfill his contract. Lombard v. Sills, supra, is to the same effect.

In dealing with a contention similar to that made by the seller here, where the contract provided the seller might either forfeit a small cash payment or enforce the contract specifically, the court in Seidel v. Walker, supra, said:

"This is not a case involving the question as to whether the agent presented a customer ready, willing, and able to buy, as is ordinarily the duty of an agent before he may be entitled to a commission; but it is a case where the agent produces a customer with whom the seller is satisfied and a contract is made. In this last event, the agent is not concerned as to the ability of the purchaser to buy, for the seller relieves him of any further duty in that respect when he accepts the purchaser as satisfactory and a binding contract is made."

The plaintiff argues at some length that defendant's failure to produce a binding, written contract with the purchaser, one capable of enforcement by a suit for specific performance, defeats his right to the commission claimed. But there is nothing said about any such condition in the oral agreement under which the property was listed, absent which it is too late to interpose it now. Moore v. Mazon's Estate, Inc., 24 N.M. 666, 175 P. 714; Williams v. Engler, 46 N.M. 454, 131 P.2d 267; Jutras v. Boisvert, supra.

Indeed, as said in the case of Seidel v. Walker, supra, the question of the purchaser's readiness, willingness and ability to buy are factors no longer to be considered, once the broker turns over his prospect to the owner with whom the latter sells on terms agreeable to him. His acceptance of the prospect as a purchaser is conclusive of the fact that mutually agreeable terms have been reached.

The judgment of the trial court is correct and should be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.